to imprisonment in the penitentiary for twelve years.   From this judgment he sued out this writ of error.

*Evans, McDugald* and *McMillan*, for plaintiff in error.

*D. C. Glenn*, attorney-general, *contrà*.

FISHER, J., delivered the opinion of the court.

The prisoner having been put upon his trial for murder, in the Circuit Court of Jasper county, was convicted of the crime of manslaughter in the first degree; and from the judgment rendered upon that verdict, this writ of error has been prosecuted.

The indictment appears upon its face to have been found in the county of Jones, and the venue changed to the county of Jasper. Nothing appears in the record to show that the indictment was ever returned into court.   Nor does it appear that the record from Jones county is the record of the proceedings had upon said indictment.

Judgment reversed.

———————

ALFRED INGRAHAM, Plaintiff in Error, *v.* WILLIAM W. SPEED, Defendant in Error.

1. BANKS : RIGHT TO PURCHASE REAL ESTATE.—The act of February, 21, 1840, (Hutch. Code, ℓ 5, 325,) does not prohibit a bank from purchasing, at sheriff's sale, real estate sold under an execution, in favor of the bank, based upon a debt due to it before the passage of the act.

2. STATUTE : CONSTRUCTION OF.—A statute ought to receive such construction as is consonant to the manifest policy of the legislature indicated in its passage, although in opposition to its strict letter.

3. BANKS : MORTGAGE TO : RIGHT TO PURCHASE.—The right being secured to banks in this state to take mortgages and liens on real estate to secure debts due them, it follows, that they have the right to make such securities available, by a purchase of the property in payment of the debt, although the general power to buy real estate, is prohibited by statute.

In error from the Circuit Court of Copiah county.   Hon. John Watts, judge, presiding, by interchange with the Hon. John E. M'Nair.

Alfred Ingraham, sued William W. Speed, in ejectment, in the Circuit Court of Copiah County, for the recovery of certain tenéments situated in said county.

On the trial, and in support of his title, the plaintiff offered in evidence a record of a judgment rendered in said court in 1840, in favor of the Grand Gulf Bank, against John Jones et al., whereby it appeared, that execution had been issued on the same, and levied on the premises in controversy.   That afterwards a *venditioni exponas* was issued, and the land sold thereunder, and purchased by the plaintiff and one John Lindsey.   He also offered in evidence the sheriff's deed, conveying said lands to him and said Lindsey, as assignees of the Grand Gulf Bank, and to the survivor of them.   The defendant objected to the introduction of this deed as evidence, on the ground, "that by an act of the legislature of this state of 21st February, 1840, (Hutch. Code, 325, § 5,) banks are prohibited to purchase and hold real estate ; and that it is contrary to the spirit and policy of said law, to permit banks to do that indirectly through their assignees, which they are expressly prohibited from doing directly."   This objection was sustained by the court, and the plaintiff excepted.   The defendant had judgment, and the defendant sued out this writ of error.

*H. B. Mayes*, for plaintiff in error, contended :—

1. That there was no evidence that Ingraham and Lindsey were assignees of the bank, except the recital in the sheriff's deed, which is incompetent to establish that fact.   It was mere surplusage, and would not be held to invalidate a deed otherwise good.

2. That the spirit and policy of the act of 21st of February, 1840, (Hutch. Code, 325, § 5,) was to prevent banks from engaging in speculation in real estate, and to confine them to their legitimate business, to wit, the furnishing of a safe and convenient circulating medium.   That to do this, they must have the power to collect their debts; and this right would be greatly impaired, if they were prevented from purchasing property sold for the satis-

faction of debts due them.  Besides, the legislature, in that act had expressly reserved to banks the right to take mortgages and other liens to secure their debts.  That it was evident from this, that the legislature only intended to prevent speculations by banks, and not to prohibit them to use lawful means to collect their debts. See U. S. Dig. 2 Sup. 808, § 29 ; 9 Bacon, Ab. 255.

*D. Mayes,* on same side insisted :—

That if the act was held to apply to this case, it was unconstitutional, as the Grand Gulf Bank, by its charter, was expressly authorized to purchase lands to the value of one million of dollars. That the charter to this extent was a contract, and the right thereby secured could not be divested.

*Benjamin King,* for defendant in error, filed no brief.

HANDY, J., delivered the opinion of the court.

This was an action at law, brought by the plaintiff in error, to recover a tract of land.

In support of the plaintiff's title, there was read in evidence a record of a judgment in Copiah Circuit Court, rendered in November, 1840, in favor of the Grand Gulf Bank, against one Jesse Jones and others, and executions thereon, under which the land in controversy was levied upon and sold.  The plaintiff then offered in evidence a sheriff's deed for the land, dated 15th August, 1842, by which it was conveyed to John Lindsey and Alfred Ingraham, assignees of the Grand Gulf Bank, and to the survivor of them, and to the heirs and assigns of such survivor.  To the admission of this deed, the defendant objected, on the ground that by the act of 21st February, 1840, (Hutch. Code, 325, § 5,) banks are prohibited from purchasing and holding lands; and that they cannot do that through assignees, which they are prohibited from doing directly, and that the purchase in this case is within the prohibition of the statute.  This objection was sustained, and the deed not permitted to be read in evidence : the propriety of which action presents the only question to be settled.

We do not think that the purchase in this case is within the spirit and true intent of the statute.  Conceding that the deed is

Ingraham *v.* Speed.

to be considered as virtually made to the bank, and that the plaintiff occupies the same position with reference to the statute, that the bank would have occupied if the deed had been made to it by name, yet it appears that the purchase was made at sheriff's sale, under an execution in favor of the bank, for a debt due before the passage of the statute.    The policy of the statute was doubtless to restrain and prohibit reckless expansions in banking, and speculations in property, in violation of the purposes for which banks were incorporated, and by which a great evil had been inflicted on the community.    The object was to keep them within the sphere of safe and legitimate banking business, to prevent them from overtrading, and to coerce them to pay specie upon their liabilities.    It was not intended to restrain them in the collection of their debts, according to the laws of the land, or to deprive them of the benefit of any security they had by law for those debts. This is manifest, not only from the consideration that such a course of policy would have tended to defeat the principal object manifested by the statute, (which is to require the banks to pay specie,) by depriving them of the full use of the means they had of making such payments, but from the proviso in the act, that the prohibition against purchasing and holding real estate, should "not prevent any bank from taking mortgages or other liens on lands or other property to secure debts already existing."    The power to take a mortgage or other lien upon property to secure existing debts, might, and in all probability would, be of very little value, if upon an enforcement of such mortgage or lien by sale, the party holding the lien were debarred of the right to purchase the property, which would necessarily also debar him of the right of entering into competition in bidding at the sale ; for the property might be always subject to sacrifice, by means of combinations to prevent a sale for its full value, and the creditor's hands would be tied, so that he could not prevent the sacrifice of the property, and the loss of the security guaranteed by law for the debt.    A construction of the statute which would lead to such results, is unreasonable, and not to be indulged ; and it must, therefore, be intended that the legislature in saving the right to banks to take mortgages and other liens on property to secure their debts, recog-

nized the right to use and enjoy such securities in any manner allowed under existing laws, that might be necessary to render them effectual, and to give to banks the full benefit of them; and consequently, that a bank having obtained a lien upon property by judgment, would be competent to purchase at execution sale under that judgment, such property of the defendant as might be necessary to the enjoyment of the benefit of the judgment.

The judgment below is in opposition to this view, and it is therefore reversed, and the cause remanded for a new trial.