R. E. KENNINGTON v. T. W. HEMINGWAY ET AL.

[57 South. 809.]

1. HUSBAND AND WIFE. *Gifts. Validity. Code* 1906, *section* 2522, *Statutes, Construction. Intent.*

A gift by a husband to his wife of a personal ornament, clothing and wearing apparel suitable to her condition in life, is valid as against a third person, although such gift is not evidenced by a written instrument, acknowledged and recorded as provided by section 2522, Code 1906.

2. STATUTES. *Construction. Legislative intent.*

In the construction of statutes, courts chiefly desire to reach the real intention of the framers of the law, and knowing this to adopt that interpretation which will meet the real meaning of the legislature, though such interpretation may be beyond or within, wider or narrower than the mere letter of the enactment.

APPEAL from the chancery court of Hinds county.

HON. G. G. LYELL, Chancellor.

Suit by R. E. Kennington against T. W. Hemingway et al. From a decree dismissing the bill, complainants appeal.

In 1882 T. W. Hemingway married Mrs. E. L. Catchings, and they lived together as husband and wife until

1907, when they were divorced. In the year 1903, while they were living together, and while Hemingway was solvent and in a prosperous condition, he gave his wife a diamond ring worth about seven hundred dollars, which she kept after they were divorced, with his full knowledge and consent, and which she wore as a personal ornament. In the year 1908, Mrs. Catchings, who had then been divorced from Hemingway, pledged the ring with a bank in Jackson as security for a loan. The money was loaned Mrs. Catchings without knowledge of the fact that the ring had been given her by her husband, and without knowledge that Hemingway had ever owned it, or that he was indebted to the appellant. In November, 1909, the apellant, Kennington, obtained a judgment against Hemingway, and enrolled the same on December 11, 1909. Afterwards, on April 12, 1910, Hemingway was adjudicated a bankrupt, and a trustee appointed to take charge of his estate.

Afterwards the appellant filed a bill in chancery against Hemingway, Mrs. Catchings, the bank, and the trustee of the bankrupt estate of said Hemingway, as parties defendant. Later, Mrs. Catchings having died, the suit was revived against the administrator of her estate. The prayer of the bill was that the court adjudicate the rights of the various parties to the ring held by the bank, and that the judgment against Hemingway in favor of Kennington be decreed to be a lien upon said ring, and that said ring be sold to satisfy the lien. Appellant contends that the gift by Hemingway to his wife of this ring is in violation of section 2294 of the Code of 1892, requiring gifts between husband and wife to be in writing and acknowledged and recorded, in order to be valid against claims of third persons.

*Mayes & Longstreet*, for appellant.

We do not challenge the general doctrine that the literal import of a statute is not to be followed if the re-

sult would be absurd, and if any more reasonable view can be taken. But while that is the general rule, it is also true that where the language of an act is clear and unambiguous, it must be held to mean what it plainly expressed, and no room is left for construction. Where the words are free from ambiguity, and the purpose plain, the courts have no power to create exceptions by construction. *Eastman* v. *State,* 109 Ind. 278, 18 Am. Dig. (Dec. Ed.), tit. Statutes, sec. 19.0

The wisdom or want of wisdom displayed in the act is not a question for the courts. *Merchants Bank* v. *Cook,* 4 Pick. (Mass.) 405; *Gorham* v. *Steinan,* 7 Ohio N. P. 478; *Rossmiller* v. *State,* 114 Wis. 169.

By doubts and difficulties arising in the construction of statutes, is not meant those which are engendered by the predilection of the court, or its notions about what the law ought to be, but such doubts and difficulties as are inherent in the problem to be solved." *St. Louis, etc., R. R. Co.* v. *Delk,* 158 Fed. 931. This court has frequently anounced similar rules. *Smith* v. *Halfacre,* 6 How. 58; *Daily* v. *Swope,* 47 Miss. 367; *Hazlehurst* v. *Mayes,* 96 Miss. 656.

Secondly. There is no such absurdity resulting from this statute as calls for any construction by the court, limiting or restricting the exact application of the statute exact language, exactly as written. This, we submit, becomes clear, when the history of the statute itself is considered. Give the law its proper setting, and it seems clear that there is no absurdity whatever. As remarked in the Delk case above, the law may not accord with the court's idea of what the law ought to be; but there is no legal absurdity in it. 2 Black's Comm. 433, 435; Geo. Miss. Dig., p. 391; 2 Black's Comm., p. 436, 21 Cyc. 1172; Geo. Miss. Dig., pp. 394-397, 3 Atk. 394; Noy's Max., ch. 49; 2 Bl. Comm., p. 436; *Towns* v. *Pratt,* 33 N. H. 345, 19 N. J. Eq. 316.

*John B. Ricketts,* for appellee.

The facts in this case are not in dispute; they are fully set out in the briefs of other counsel, but, as administrator of the estate of Mrs. Catchings, I desire to state that the conveyance from Hemingway to his wife was perfectly valid.

(1) Because a diamond ring, worn as the personal apparel, being wearing apparel, does not fall within the condemnation of the statute. In other words, it was neither goods nor chattels. The phrase ''goods and chattels'' means nothing more than goods, because the word ''chattels'' is controlled by the word ''goods.'' See Am. and Eng. Ency. Law, vol. 5, p. 1022.

To illustrate this proposition, section 4784 of the Code requires all persons doing business as ''trader or otherwise'' to have a sign disclosing the name of the principal, etc. It was held in the case of *Yale* v. *Taylor,* 63 Miss. 598, that the term ''trader or otherwise'' meant simply a trader, and that is the exact rule of construction of the statute in question. Certainly, it was not the intention of the legislature to prohibit conveyance of such property as would be subject to execution. The diamond ring in question was wearing apparel, and was not subject to execution. Cyc., vol. 17, p. 943.

It has been repeatedly held that a watch worn by a debtor cannot be taken for execution. *Mack* v. *Parks,* 69 Am. Dec. 267.

*Watkins & Watkins,* for appellee.

Section 2522 of the present Code, being section 2294 of the Code of 1892, is in the following language:

''What necessary to validity of conveyance (Laws 1900, ch. 90).—A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or

deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, the writing must be filed for record.''

It is contended by the appellant in this case that the transfer on the part of T. W. Hemingway to his wife, made in 1903, which was even before the creation of appellant's debt, and six years before the same was placed in judgment, is invalid even as against an innocent purchaser from the wife of T. W. Hemingway, who, in good faith, and for value, acquired the ring without notice, actual or constructive, of the invalidating circumstances.

We respectfully submit to the court that the section is not susceptible of the construction sought to be placed upon it by appellant's counsel. The object of the section was not that of invalidating every conveyance between husband and wife, but only invalidating conveyances as against the interest of certain third persons and, of course, it would follow as a natural sequence that the rights of the third persons referred to should come into existence before the rights of any innocent purchaser from either the husband or wife should accrue.

This court has made the meaning of this statute very plain in two decisions. In the first place, in the case of *Green* v. *Weems,* 85 Miss. 566, it limited the term ''third person'' by saying that third person must mean a lien creditor. It does not mean any third person, or every third person, even if that third person should ever happen to be a debtor. The decision is clear and explicit. Therefore, we find that this court has expressly limited the ''third person'' to a creditor, and not only a creditor, but a lien creditor.

In the case of *Groce* v. *Ins. Co.,* 94 Miss. 201, the court further held that a third person did not refer to an insurance company, carrying a fire insurance policy on the improvements situated upon the real estate. Therefore,

we have by a settled line of decisions the law established that a conveyance between husband and wife is not *ipso facto* invalid. In the first place, it is perfectly good between the husband and wife; in the next place, it is perfectly good as against everybody, except lien creditors; and we say it, therefore, follows as a natural sequence that the lien must accrue and be obtained before the rights of innocent purchasers are involved.

Take for instance, the case of *Gregory* v. *Doods,* 60 Miss. 549; in that case, there was a successful effort to reach the proceeds of household furniture which was given by the husband to the wife without a formal deed of conveyance and by the wife sold to the garnishee, George S. Dodds. That case proceeded upon the theory that Mr. Dodds, being an innocent purchaser for value, acquired a good title to the furniture, but only the proceeds in his hands could be subjugated.

This question, however, has been definitely settled by this court in the case of *Stone* v. *Threefoot Brothers,* 54 So. 595. In that case, a man by the name of L. Weitzel bought a piano; after he bought the piano a judgment was recovered against him, but was erroneously indexed in the circuit clerk's office as being against L. G. Weitzel. Weitzel gave the piano to his wife without any formal transfer, and after Mrs. Weitzel had acquired the piano, after the judgment had been placed of record, she sold the same to the appellant, Mrs. Stone, in this case. It was admitted that Mrs. Stone did not have actual knowledge of the judgment, and had no notice at all, unless the erroneous recording was constructive notice to her.

Counsel for the appellant quote from the concluding paragraph in the case of *Stone* v. *Threefoot Brothers,* which is as follows:

"Had Weitzel owned the piano and appellant purchased from him, she would have gotten a good title against the judgment, because the enrollment of appellee's judgment did not afford constructive notice that it was against L. Weitzel."

We are utterly unable to see what consolation the appellant can get out of that case.

Counsel for the appellant argue that no title passed to Mrs. Hemingway at all from her husband; they are mistaken about that; the title passed; the conveyance was perfectly good between Hemingway and his wife; the legal title was in Mrs. Hemingway after the delivery, but it was liable to be set aside and subjected to the claim of any lien at any time prior to the accrual of the rights of an innocent purchaser for value.

The statute does not say that title shall not vest in a conveyance from husband to wife; it merely says it shall be invalid. In other words, that it shall be liable to be set aside at the suit of certain third persons, and who these thirds persons are, and who they are not, the court has made exceedingly clear.

SMITH, J., delivered the opinion of the court.

One of the questions presented by this record, and which, if answered in the affirmative, will dispose of the whole case, is this: Is a gift by a husband to the wife of a personal ornament—in this instance, a diamond ring—"valid as against any third person," when such gift is not evidenced by a written instrument, acknowledged and recorded as provided by section 2294 of the Code of 1892, the same being section 2522 of the Code of 1906? In the case at bar the ring was given to the wife eight years prior to the institution of this suit, at a time when the husband was solvent, and without any intention on his part of defrauding any one. This section is as follows: A transfer or conveyance of goods and chattels, or lands or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for

record, but, to affect third persons, the writing must be filed for record." The words "goods and chattels" are ordinarily broad enough to cover all personal property; and if the statute is to be interpreted literally, all gifts of personal property, including necessary wearing apparel and ornaments for the person, made by a husband to the wife, must be by a written instrument, acknowledged and recorded; and in that event the fact that the wearing apparel of every person is exempt from execution or attachment would not aid the wife, for as against any third person such wearing apparel would be dealt with as if it remained the property of the husband. If this is the meaning of the statute, its absurdity is manifest, and that the legislature intended such a result is inconceivable.

After the enactment of this statute it still remained, as it had always been, the legal and moral duty of the husband to support his wife in a way suitable to her situation and his condition in life. In order to do this he must, among other things, give her necessary wearing apparel, and ought, so far as his means will permit and within the limits of a wise economy, to give her such personal ornaments as good taste and the usage of the society in which she moves demands. If the innumerable gifts which he must make her in discharging this duty, if the transfer of each article of clothing and each personal ornament, must be by a written instrument, acknowledged and recorded, the statute requiring it would not only be an absurd one, but would be unreasonable, and would result in such great inconvenience and expense as to be intolerable. Legislators must be presumed to be reasonable and sane men, "and to intend the natural, direct, and probable consequences of their acts, that these shall not be absurdly or unreasonably construed, and therefore that they intend to avoid absurdities and nonsense." 4 Hughes, Grounds and Rudiments of the Law, 1104. If, therefore, wearing apparel

and personal ornaments can be, consistent with the rules of construction, excluded from the operation of this statute, it becomes our duty to do so. *Railroad Co.* v. *Hemphill,* 35 Miss. 17; *Ingraham* v. *Speed,* 30 Miss. 410; *Board of Education* v. *Railroad,* 72 Miss. 236, 16 South. 489; 2 Lewis' Suth. Statutory Construction (2d Ed.), sections 488-490, and authorities there cited; 36 Cyc. 1108. At the same time, we must bear in mind that the enactment of a wise or a foolish statute is for the determination, not of the courts, but of the lawmakers; and when the intention of the lawmakers is clearly understood, the statute must be enforced as written, it matters not to what absurd results such enforcement may lead.

Human language is not a perfect vehicle for conveying thought, and it frequently happens that words used have a broader or narrower meaning than that intended by the person using them. One of the maxims of the common law, therefore, is *"verba intentioni debent inservire."* (Words are to be governed by the intention.) As was said by this court in *Board of Education* v. *Railroad Co., supra*: "It is familiar learning that, in the construction of statute, courts chiefly desire to reach and know the real intention of the framers of the law, and, reaching and knowing it, then to adopt that interpretation which will meet the real meaning of the legislature, though such interpretation may be beyond or within, wider or narrower than, the mere letter of the enactment." The courts have repeatedly given the words "goods, wares and merchandise," as they appear in various statutes, a broad or restricted meaning, according to the context and the evident purpose of the statutes. See authorities cited in 20 Cyc. 1272; 14 Am. and Eng. Ency. of Law, 1079. The object of the statute was to prevent the perpetration of frauds, by means of pretended transfers of property between husband and wife. *Gregory* v. *Dodds,* 60 Miss. 549. The number of frauds that could be perpetrated by means of pretended gifts

by husbands to wives of wearing apparel and personal ornaments is so infinitesimal in comparison with the number of such gifts that must be made by husbands in the discharge of the duty to support their wives, and the inconvenience, expense, and absurdity of evidencing such gifts by a written instrument, acknowledged and recorded, is so great, that the conclusion is irresistible that the legislature did not intend to include such gifts within the meaning of the words used in the statute. In *Queen* v. *Clarence*, L. R. 22 Q. B. Div. 65, it was said by Lord Coleridge that "in such a matter as the construction of a statute, if the apparent logical construction of its language leads to results which it is impossible to believe that those who framed or those who passed the statute contemplated, and from which one's own judgment recoils, there is in my opinion good reason for believing that the construction which leads to such results cannot be the true construction of the statute."

The question propounded in the beginning of this opinion must therefore be answered in the affirmative, and the decree of the court below must be affirmed.

*Affirmed.*