# McCabe v. Guido.

### [77 South. 801, Division B.]

1. BANKRUPTCY. *Transfer in violation of state law. Right of trustee.*

   Under Code 1906, section 2522, so providing a transfer or conveyance of goods and chattels or lands between husband and wife is not valid as against any third person unless in writing, and acknowledged and filed for record, and a married woman's trustee in bankruptcy may recover for the benefit of her creditors a stock of goods transferred verbally by her to her husband.

2. HUSBAND AND WIFE. *Transfer between. Validity as against third persons.*

   Under section 2522, Code 1906, rendering invalid any verbal transfer of property between husband and wife as to third persons, the creditors of the wife have a right to attack her verbal transfer of property to her husband, whether her creditors be antecedent or subsequent to such transfer.

3. BANKRUPTCY. *Transfers in violation of state laws. Rights of trustees in bankruptcy.*

   Where a wife made a verbal sale of a stock of goods and fixtures to her husband in violation of section 2522, Code 1906, this did not forbid the husband from making new purchases, nor from contracting in his own name, nor from conducting and operating the store in his own name. The store fixtures and property on hand constituting the subject of the alleged sale, may in such case be recovered by the wife's creditors or her trustee in bankruptcy.

4. BANKRUPTCY. *Transfers. Rights of trustee.*

   The trustee of a married woman in bankruptcy, was not entitled to recover from her husband the amount expended by her for the support and maintenance of herself and children during her husband's abandonment of his family, where the trustee was presumably suing only for creditors who had sold and delivered to the wife goods for mercantile purposes and not for creditors who supplied the wife with the necessities of life on the credit of her husband.

5. BANKRUPTCY. *Suits by trustee. Nature and form of remedy.*

   Under section 533, Code 1906, giving the chancery courts jurisdiction of suits by creditors to set aside fraudulent conveyances, where a wife owning a store as her separate property verbally

exchanged it for a store owned by her husband, and the husband purchased a new stock of goods for the store taken by him, which had been commingled with that on hand in the store of the wife at the time the invalid transfer was made. In such case the wife's trustee in bankruptcy could sue in chancery to recover the property transferred, and still remaining in the hands of the husband, since only a court of chancery could adequately protect the rights of both husbands and wife and the creditors of each.

6. CONFUSION OF GOODS. *Application of doctrine.*
   In such case the doctrine of wrongful commingling of goods did not apply.

7. BANKRUPTCY. *Transfers. Rights of trustees.*
   Where a married woman verbally exchanged a store and stock of goods owned by her, as her separate property, for a store owned by her husband, and paid an indebtedness on account of the store taken by her from her husband, the trustee in bankruptcy of the wife could not hold the husband liable for such payment by the wife, since the exchange was good as between the husband and wife, and the only right of the creditors was to levy upon or take charge of the property in existence at the time of and constituting the subject-matter of the invalid transfer.

APPEAL from the chancery court of Warren county. HON. E. N. THOMAS, Chancellor.

Suit by H. C. McCabe, Trustee in Bankruptcy, against Frank Guido. From a decree sustaining a general demurrer to the bill of complaint, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. C. Bryson,* for appellant.

Four grounds of liability are set up in the bill of complaint; first, right to recover possession of the Washington street store and stock of merchandise as the property of the bankrupt; second, liability of appellee for money used by the bankrupt in the payment and discharge of appellee's debts against the Hall's Ferry Road store; third, liability of appellee for the money used by the bankrupt in the support and maintenance of appellee's family after he had abandoned the same;

fourth, right to recover any surplus of the fifteen hundred dollars borrowed over and above what was paid out in the purchase of goods for the Washington street store.

The demurrer necessarily admits the truth of all the averments of the bill in support of the several grounds of liability and being general and not special, must apply to all of them considered together and not separately as to any particular grounds of liability.

If any ground of liability appears to be well taken, then the court below erred in sustaining the demurrer, even though one or more grounds of liability set up may not be good. I shall discuss the several grounds of liability in the order set out above. As to the right to recover the Washington street store. The bill alleges that this store was originally the property of Louise Guido, the bankrupt; that money raised from her real estate purchased the stock of goods and that while it was turned over to her son, Frank Guido, Jr., to operate, the actual title to the property was in the bankrupt.

The bill further alleges that there was an attempted transfer of this store from the bankrupt to her husband, but that the assignment was verbal and not in writing and not made of record and for that reason was void as to complainant and the creditors represented by him.

Do these averments bring the case within the purview of section 2522 of the Mississippi Code of 1906? This statute provides: "A transfer or conveyance of goods and chattels, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but to affect third persons, the writing must be filed for record. We submit that the averments of the bill clearly bring the case within the condemnation of the statute.

This court has construed the statute set out above in a number of cases but I shall refer to only a few of them. *Gregory* v. *Dodds*, 60 Miss. 549; *Kennington* v. *Hemingway*, 101 Miss. 259; *Austin* v. *Posey*, 64 So. 5. In considering section 2521, a companion Code provision, this court recently said in the case of *Banks* v. *Pullen*, 74 So. 424: "The statute was designed to protect the public. Secret contracts between husband and wife are condemned for obvious reasons. We see in this case a husband building a house on the land of his wife and entering into a contract whereby he was to receive the means of the wife for the purpose of securing the material with which to erect the house. The husband did not use the means to buy the material; he bought it from appellant on credit. Who must suffer? The husband is made the statutory agent of his wife whenever he uses any of her means to carry on a business in his own name."

It follows necessarily that if the assignment of the Washington street store by the bankrupt to her husband (appellee) was void that the store remained the property of the bankrupt and was her property at the time the petition in bankruptcy was filed, and, as such, the trustee in bankruptcy in entitled to it and to sell and convert the stock of mechandise into cash and apply the same to the payment of the debts proven against the bankrupt. Such is the letter of the statute and its necessary legal effect and in addition it is the even-handed justice of the situation.

Hall's Ferry Road store. It is next alleged that the Hall's Ferry Road store was largely indebted at the time the bankrupt took charge of it, for merchandise purchased before then for it by the appellee, and that the bankrupt paid these debts, and it is sought to hold appellee liable for the debts so paid, on the theory that the payments inured to his benefit.

In *Caldwell* v. *Hart*, 57 Miss. 123, this ground of liability was upheld, the court saying: "The appellees

contracted with the husband as principal, extending to him personally the credit, upon the belief that he was the owner of the plantation. The sole equity of the bill to charge the wife's separate estate is that the appellees allege that they subsequently discovered that the husband purchased for the benefit of the wife's estate.''

The case at bar is identical except it is now sought to hold the husband as debtor to his wife to the extent of the debts paid by her for him.

Liability for maintenance of family. There may be no direct authority under the decisions of this state to charge a husband with the wife's debts incurred by her in support and maintenance of the family, but it strongly appeals to conscience and sound morals.

In the case at bar the husband and wife were both in business, operating independent stores, the husband abandoned his wife and children, leaving the wife to maintain herself and their children from her business, thereby relieving himself and his business from the burden of family support and maintenance and casting it on the wife and her business. The husband by this relief prospered and the wife by this burden failed and thereby cast on her creditors the maintenance of the family. It would seem that the husband in good conscience ought to be held liable to recompense the wife's creditors to the extent they have contributed to the support of the husband's family.

Liability for surplus of fifteen hundred dollars. This ground of liability is controlled by section 2520, quoted above and by *Caldwell* v. *Hart,* 57 Miss. 123, cited above. ''If the husband receives and appropriates to his own use the property of the wife, he shall be debtor to his wife therefor.''

If all the fifteen hundred dollars was not paid out in purchasing goods for the Washington street store that which was left in the hands of the husband was the property of his wife and under the above Code provi-

sion he is debtor to his wife to that extent and necessarily to the appellant who stands here in her place.

Independent of the statute he is liable to her for the surplus of this fund remaining in his hands as her money and received by him.

As to the jurisdiction of this court. Three grounds are laid: first, under Code, section 553, as a creditors' bill seeking to set aside and annul the verbal assignment of the Washington street store as a fraud in law on creditors; second, as a bill for accounting; third, as a bill seeking to subrogate to the demands of creditors the liability of the husband to the wife for support and maintenance of the family which he cast upon her and through her upon her creditors who are now represented by appellant as her trustee in bankruptcy; fourth, as a bill to enforce the equitable liability of the husband for the property of the wife which came into his possession as provided for in Code, section 2520.

We submit that each of the foregoing grounds are sufficient but if any one of them be held good the general demurrer should have been overruled.

*Henry & Canizaro,* for the appellee.

Counsel for the appellant attempts to sustain this claim of liability against the appellee on the following grounds which we here quote in full, to-wit: First, "Right to recover possession of the Washington street store and stock of merchandise as the property of the bankrupt; second, Liability of appellee for money used by the bankrupt in the payment and discharge of appellee's debts" against the Hall's Ferry Road store; third, "Liability of appellee for the money used "by the bankrupt in the support and maintenance of appellee's "family" after he had abandoned the same; fourth, "Right to recover any surplus of the fifteen hundred dollars borrowed over and above what was paid out in the purchase of goods for the Washington street store."

''We will first answer appellant's counsel's suggestion that: The demurrer admits the averments in the original bill that the Washington street store belonged to the bankrupt,'' etc., and he says: ''That the fact that the appellee filed an answer denying fraud does not help the situation. The answer having served its purpose, the consideration of it must be at an end.'' Our contention is that while the demurrer admits the allegations that are well pleaded, it does not admit conclusions of law by the pleader. 16 Cyc., page 277, announces the following rule: (B) What is not admitted. By virtue of the restriction of the rule just stated to well-pleaded facts, a demurrer does not admit an assertion in the nature of argument or inference based on facts pleaded, or that the construction of an instrument set out is that alleged by the pleader, or in general any allegation in the nature of legal conclusions.'' *Perkins* v. *Guy,* 55 Miss. 153, a demurrer admits all matters of fact well pleaded for, does not admit conclusions of law stated by the pleader. *Partee* v. *Kortrecht,* 54 Miss. 66; *Watts* v. *Patton,* 66 Miss. 54, 5 So. 628; *Weir* v. *Jones,* 84 Miss. 606; *M. & C. R. R. Co.* v. *Neighbors,* 51 Miss. 412; *Watts* v. *Patton,* 66 Miss. 54, 5 So. 628; *McInnis* v. *Wicassett Mills,* 78 Miss. 52, 28 So. 725.

Liability for maintenance of family. The next contention of the appellant is clearly a fishing proposition as it is that Mr. Guido, Sr., is liable for fifty dollars a month from May, 1915, to February, 1917, amounting to sixteen hundred dollars; an amount 'which the appellant claims that Mrs. Guido expended in and about the support and maintenance of the family. It will be noted that this claim together with all the other claims of the appellant is based solely on the appellant's imagination and is merely fishing for something upon which to bottom a claim. It is an endeavor to compel the defendant and Mrs. Guido to disclose or discover a cause of action for the appellant. We respectfully submit that before the appellant's claim can be recog-

nized in the courts, against the appellee his bill must allege and show: First, that the fifty dollars a month was furnished to Mrs. Guido on her husband's credit and not on the credit of Mrs. Guido personally; second, the goods were supplied by the identical creditors which appellant presents and not by another; third, that Mr. Guido abandoned his wife and left her without means of obtaining the necessities of life (reasonable support); fourth, that the goods or merchandise was sold on credit as necessary family supplies and not as supplies for the mercantile business to be bartered and traded. *Gross* v. *Pigg,* 73 Miss. 85; *East* v. *King,* 77 Miss. 738, 21 Cyc. 1466.

The last contention of appellant is the right to recover any surplus of fifteen hundred dollars so borrowed that was not expended in the purchase of stock. As this proposition is based alone upon the question heretofore discussed, it needs no further argument on our part. Looking at the bill of complaint from all corners, we think there is no warrant for equity jurisdiction under section 553 of the Code of 1906, and certainly no jurisdiction is shown under the general equity rules without resorting to a statute. Therefore our second ground of demurrer that there is no equity on the face of the bill, "is, we believe, well taken, and the chancellor was correct in sustaining our demurrer and dismissing the bill. Counsel for the appellant on page —— —— of his brief says, that if any ground of liability appears even though one or more grounds of liability set up may not be good, we must confess our inability to grasp the contention of appellant.

The principle is well established that if any one ground of demurrer is good against the entire bill, the demurrer will be sustained and the bill dismissed.

Without regard to the number of causes assigned, "if a demurrer to a bill is sustained upon any grounds whatever, the bill should be dismissed, unless leave be given to amend; and, until the amendment is made, the

demurrant is not called on to make any further defense.''
*Davis* v. *Davis,* 62 Miss. 818; *Canton Warehouse Co.*
v. *Potts,* 68 Miss. 637, 10 So.

The fifteenth ground of demurrer alleges that the bill
shows the transaction to be between husband and wife
for money and not for goods and chattels as contemplat-
ed by sections 2521 and 2522, Mississippi Code of 1906.
It will be understood that, even admitting as a truth
the allegation in the bill of complaint that Mr. Guido
received the fifteen hundred dollars so borrowed as a
loan on his wife's property, the transaction does not
come within purview of section 2522 of Mississippi
Code of 1906. The statute does not condemn the passing
of money between husband and wife. This statute
partakes of the character of a penal nature and should
be strictly construed. It means what it says, ''convey-
ance of goods and chattels.'' It was undoubtedly the
purpose of the legislature to prevent a fraud against
creditors; it was not intended, however, to encourage
fraud by creditors. *Kennington* v. *Hemingway,* 101 Miss.
259. The syllabus announces the law to be: First.
Husband and wife, gifts, validity, Code 1906, section
2522: ''Statutes, construction, intent. A gift by a
husband to his wife of a personal ornament, clothing
and wearing apparel suitable to her condition in life, is
valid as against a third person, although ''such gift is
not evidenced by a written instrument, acknowledged
and recorded as provided by section 2522, Code 1906.
Second. Statutes, construction, legislative intent. In
the construction of statutes, courts chiefly desire to
reach the real intention of the framers of the law, and
knowing this to adopt that interpretation which will
meet the real meaning of the legislature though such
interpretation may be beyond or within, wider or nar-
rower, than the mere letter of the enactment.

As we said at the outset, section 2521 has no applica-
tion to this case. Section 2521 contemplates and

anticipates a condition just such as it set out in that section and nothing more. The case at bar presents by the pleading no such possible condition as is covered by section 2521. Neither Guido, Sr., nor Guido, Jr., transacted any business by utilizing the plantation, houses, horses, mules, wagons, carts or other implements or any of Mrs. Guido's means to operate and carry on a business in his own name or on his own account. Appellee's demurrer, item 14 raises the very point which covers the case.

"14th." "That the bill on its face shows a transaction between husband and wife for money and not for goods and chattels as is contemplated by sections 2521 and 2522 of the Code."

Section 2522 has reference to the validity of conveyance and under the pleading no such question as that arises. There was no conveyance between Guido, Sr., and his wife. The only conveyance at all was between Guido, Jr., and his father.

Frank Guido, Sr., and his wife borrowed money, as we repeat, to start their son in business. The money was utilized for that purpose; their son was a failure; Guido, Sr., purchased his business with his own money, individually and personally, not as an agent of his wife, but for his own account and did not employ, as we have said before, any of her means in the business. And as both of the two sections referred to, exclude money transaction, we cite with every assurance, the case of *Leinkauf & Straus* v. *Barns*, 66 Miss. 207; *R. F. Waldin & Co.* v. *Yates*, 71 So. 897; *R. E. Kennington* v. *T. W. Hemingway, et al.*, 101 Miss. 259; *Groce* v. *Insurance Co.*, 94 Miss. 201; *Weir* v. *Jones*, 84 Miss. 606; *Hobbs & Buck* v. *Herman Grocery Co.*, 74 So. 26.

We respectfully submit that the court was correct in sustaining the demurrer and the case should be affirmed.

Sᴛᴇᴠᴇɴꜱ, J., delivered the opinion of the court.

Appellant prosecutes this appeal from a decree sustaining a general demurrer to the bill of complaint filed by appellant as trustee in bankruptcy for the estate of Louise Guido against appellee, the husband of the bankrupt. The bill charges that Louise Guido filed a voluntary petition in bankruptcy and was adjudged a bankrupt; that appellant was elected and qualified as trustee; and that as trustee the complainant has a right to bring this suit in the interest of the creditors of the bankrupt. It is averred in the bill that for many years the defendant, Frank Guido, owned and operated a mercantile business on the Hall's Ferry Road in the suburbs of the city of Vicksburg; that this store, referred to as the Hall's Ferry Road store, was operated in the name of the defendant until May, 1914, at which time it was turned over to the bankrupt Louise Guido, the wife of the defendant, as her separate property. The bill charges that in 1914 the bankrupt and her husband procured a loan in the sum of one thousand five hundred dollars for Mrs. Guido and secured the loan by the separate real estate of the wife; that this loan was procured for the purpose of enabling the wife to open a store on Washington street in the city of Vicksburg; that accordingly the store was opened on Washington street with the proceeds of the said loan, and store fixtures and merchandise purchased with the money derived from the loan; that Frank Guido, Jr., the minor son of the defendant, was put in charge of the said store; that the son continued to operate the business for about six weeks, when it became apparent that he was incompetent to manage and operate the business; that thereupon the defendant and his said wife agreed to take the business operated on Washington street away from Frank Guido, Jr., and that the defendant should take charge of the same Washington street store as his

separate property, and that the Hall's Ferry Road store should be and become the property of the wife, it being verbally agreed and understood that the defendant would barter or swap the Hall's Ferry Road store to his wife for the Washington street store. The agreement between the husband and wife was a verbal agreement, and no writing whatever passed between them. It is charged in the bill that, at the time of this attempted transfer, the Hall's Ferry Road store was indebted to creditors in approximately the sum of one thousand dollars, and that this indebtedness equaled the value of the goods, wares, and merchandise on hand in that store; that the defendant about that time abandoned his wife and his home and ceased to support and maintain his family; that the wife supported herself from the Hall's Ferry Road store and the proceeds from sales at that store for a period of thirty-two months, and the bill seeks to recover for the wife's estate all moneys expended by her in the support and maintenance of herself and children during this period.

It is further charged in the bill that all of the one thousand five hundred dollars which was borrowed upon the joint and several note or obligation of the husband and wife was not expended in stocking the Washington street store, but that a portion of the proceeds of the said loan, the exact amount of which is unknown to the complainant, was left in the hands of the defendant and constitutes moneys in his hands belonging to the wife. The bill shows on its face that the defendant, Frank Guido, after assuming ownership of the Washington street store, proceeded to make new purchases of goods, wares, and merchandise, and replenished from time to time his stock, and was operating the said store at the time this suit was filed. It is charged that the verbal transfer or exchange of property between the husband and wife was void because not in writing in accordance with the statute, and that, so far as the credi-

tors of the wife are concerned, the Washington street store remains the property of the bankrupt and should be brought into the estate and administered by the bankrupt court for the benefit of creditors. There is a further charge that the bankrupt, after she assumed charge of the Hall's Ferry Road store, paid the merchandise indebtedness against that store, and the prayer of the bill is that an accounting be had between the husband and wife, that the defendant be given credit for the value of the merchandise in the Hall's Ferry Road store at the time his wife took charge of the same, and that he be charged with all such indebtedness paid by the wife for him on account of the first store; that a commissioner be appointed to take and state an account; that a receiver be appointed to take charge of the Washington street store; that a decree be rendered against the defendant for such sum of money as may be found to be due by him to his said wife; that the attempted sale or transfer be set aside and the Washington street store turned over to the trustee in bankruptcy; and for general relief. The grounds of the demurrer are numerous, but the principal grounds are: First, that there is no equity on the face of the bill; secondly, that the complainant has complete remedy at law; third, that this is no case for a discovery; fourth, that the allegations of the bill are vague and indefinite, and that the bill is a "fishing" bill.

For the purpose of denying any fraud and to enable the defendant to demur, an answer was filed. This answer does more than deny any imputation of fraud, and in fact controverts all the material averments of the bill. In testing the sufficiency of the bill on demurrer, we assume that the lengthy denials of the answer have no direct bearing upon the present issue. The appeal here is from a decree sustaining the demurrer.

As we construe the bill, its primary purpose is to set aside or have the court declare invalid the verbal

transfer of the Washington street store from the wife to the husband, and to recover the stock of goods at the Washington street store as the property of the wife and for the benefit of the wife's creditors. On this theory and upon this ground, we think the bill states a cause of action. Unquestionably, the trustee in bankruptcy has the right to sue in the interest of the bankrupt's creditors. The suit here is not in the interest of the wife, but for the benefit of the wife's creditors. In many respects the allegations of the bill are not specific. It is not shown how much of the original fixtures and stock of goods on hand at the Washington street store at the time of the verbal transfer still remains in the hands of the defendant. The Statute, section 2522, Code of 1906, plainly renders invalid this alleged transfer of the Washington street store "as against any third person." The creditors here of the wife have a right to attack this transfer whether they be antecedent or subsequent creditors, for, as said by our court in *Gregory* v. *Dodds,* 60 Miss. 549:

"Wherever the rights of any third person intervene, whether he be creditor or purchaser, and whether his rights accrued before or after the alleged transfer, no proof made in any other method than in that pointed out by the statute shall be received."

But the utmost effect of the statute is simply to render invalid the alleged transfer or conveyance. It is obvious, then, that the statute did not forbid the husband from making new purchases, from contracting in his own name, and from conducting and operating the Washington street store in his own name. The store fixtures and property on hand constituting the subject of the alleged invalid conveyance may be recovered by the wife's creditors, and in this case by the trustee. The bill, however, is subject to criticism in asking for more than the complainant is entitled to receive.

There is a strained effort to recover for the wife's estate moneys which she expended for the support and maintenance of herself and children during the period in which it is alleged the husband abandoned his family and his home. It is manifest that this is not a suit by the creditors supplying the wife with the necessities of life on the credit of the husband. The trustee is here presumably suing for those creditors who have sold and delivered to the wife goods, wares, and merchandise to be placed in her store on the Hall's Ferry Road—the mercantile creditors of the wife. Any equities of the creditors of the defendant Guido, those creditors who have sold and delivered to him goods, wares, and merchandise for the Washington street store after the defendant took charge and was operating the same in his own name and under a sign indicating his separate and complete ownership, are not here presented.

The right to sue in equity should be upheld under section 553, Code of 1906, and under well-recognized equitable jurisdiction. The present controversy and the rights of the parties can best be inquired into and taken care of in the chancery court. From the allegations of the bill it is manifest that the new stock purchased by the defendant has been commingled with the property that was on hand at the time the invalid transfer was made. The doctrine of wrongful commingling of goods would not apply in this case. There has been an attempt to transfer property in violation of the statute, and we see no reason why the chancery court should not have jurisdiction to cancel fraudulent conveyancs between husband and wife, agreements which in *Kennington* v. *Hemingway,* 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cas. 1914B, 392, are classed as ''pretended transfers of property between husband and wife.'' It should be remembered that under the allegations of the bill the Washing-

ton street store was the separate property of the wife; that this property, by an unlawful agreement, was turned over to the husband; that a portion of the property yet remains in the hands of the husband, who in the operation of his business has commingled the old stock with the new; and that the rights of third parties are involved. It is manifest that the remedy at law would be more difficult than adequate, and that a court of chancery by a receiver or otherwise can adequately protect the rights of both husband and wife as well as the creditors of either. No injustice should be done the defendant in his ownership of any goods, wares, and merchandise purchased by him for the Washington street store in his own name and on his own account, and certainly no injustice should be done the creditors of the defendant selling the goods on the faith of his separate ownership of that business.

There is no merit in the contention of appellant that the defendant is liable for the indebtedness paid by the wife for and on account of the Hall's Ferry Road Store. The barter of the two stores as between the husband and wife was good. The only right of the creditors is to levy upon or take charge of the property in existence at the time of and constituting the subject-matter of the invalid transfer.

The decree of the learned chancery court will be reversed, the demurrer overruled, and the cause remanded, with leave to the defendant to answer within thirty days after receipt of the mandate by the clerk of the court below.

*Reversed and remanded.*