CRAIG, STATE AUDITOR, *v.* MISSISSIPPI POWER & LIGHT CO.

(Division A. April 25, 1938. Suggestion of error overruled June 6, 1938.)

[180 So. 604. No. 33119.]

**W. W. Pierce**, Assistant Attorney-General, for appellant.

Green, Green & Jackson, of Jackson, for appellee.

Argued orally by **W. W. Pierce** for appellant and by **Garner Green** for appellee.

**McGowen, J.**, delivered the opinion of the court.

The Mississippi Power & Light Company, appellee here, brought an action at law against Joe S. Price, auditor of public accounts of the state of Mississippi, by which it sought to recover $1,052.92 paid under protest

by it to the auditor, and the refusal of the auditor upon demand within due time to refund the amount to the plaintiff. When Price retired as auditor, the suit was revived against his successor, Carl Craig, who pleaded the general issue. The case was tried upon an agreed statement of facts, upon which the court below entered its judgment in favor of the Mississippi Power & Light Company, appellee here, in the amount sued for; and the auditor appealed to this court.

We deem it unnecessary to set out, in extenso, the agreed statement of facts. The amount of the tax paid, it is agreed, was the correct amount; it was paid to the auditor (under protest) under chapter 126, Laws 1934. It was agreed that the appellee operated busses in lieu of street cars, entirely within the municipalities of Jackson, Greenville, and Vicksburg, in this state. Its busses were operated on the public streets of these municipalities between fixed termini, carrying passengers for hire, in lieu of street cars, as stated above. The busses in these municipalities had theretofore been substituted for such street cars, and operated in lieu thereof, at various times unnecessary to detail. By the agreement it is clear that these busses were not operated in these municipalities as permit carriers, neither were they under the supervision of the State Railroad Commission; and their operation was entirely urban, not extending beyond the city limits.

There was no dispute as to the amount involved, nor of the fact that, if the controlling statute does not impose the tax upon the appellee, it was entitled to recover the amount sued for. It was the precise contention of the appellee in the court below that in the case of State v. City Bus Co., 176 Miss. 597, 169 So. 774, 777, this court held, impliedly and properly, that the appellee was not liable for the tax collected from it under protest by the state auditor.

There were other contentions, unnecessary to state,

in view of the conclusion we have reached. A very full analysis of the applicable sections of chapter 126, Laws 1934, is to be found in the opinions in State v. City Bus Co., supra, so we shall not undertake again to analyze the sections, except in so far as may be necessary to make clear, and amplify what is therein stated.

In the City Bus Company Case it appeared that the corporation operated motor vehicles on the public streets of Biloxi, Gulfport, Long Beach, and Pass Christian, and also on public highways of the state outside and between these municipalities; that the busses were operated in lieu of street cars in and between the several municipalities.

In that case it was the contention of the bus company that under subsection 12 (c) of section 1 it, as an operator of busses for hire, was excluded from the tax imposed in the other sections of the statute, subsection (c) being as follows: "Motor vehicles used in lieu of street cars in or between municipalities, or by a hotel exclusively for its patrons and employees, operation not exceeding fifteen miles distant from such hotel, and taxicabs within the city limits of a municipality, or not exceeding three miles therefrom." We had then before us a case in which motor vehicles were operated between fixed termini, both within and without municipalities, the operators being subject to the supervision of the State Railroad Commission. We have now before us an operator of motor vehicles used in lieu of street cars in municipalities, and not subject to the supervision of the State Railroad Commission.

In the City Bus Company Case we reached the conclusion that the operator there was subject to the tax, because under sections 15 and 16 of the act the Legislature had definitely fixed a method by which to ascertain the amount of tax to be collected from that class of motor vehicle operators; that, although the Legislature clearly intended to exempt certain carriers using the

public highway from liability for the privilege tax imposed by the act, when we turn to section 1, to which the parenthetical clause refers, no words therein, considered alone, suggest such an exception.

We again cite the applicable portion of section 3: "Every operator using the public highways of the state (*except as provided in section 1 hereof*) shall pay as herein provided," etc. (Italic ours.)

Section 4 levies a flat privilege tax per annum upon commercial motor vehicles, measured by weight and horsepower. By section 5, subsec. 3, a mileage tax was imposed on, "each bus engaged in the business of transporting passengers for hire over the public highways of the state, whether loaded or empty, in addition to the weight and horsepower tax imposed, for each mile of public highway in the state traversed by such vehicle, the following amount shall be paid."

In the City Bus Company Case the court decided that section 1, subsec. 12 (c), did not exclude the operator there under consideration, for the reason that by sections 15 and 16 the Legislature evinced its intention to tax that operator on its busses, clearly outlining the method by which to ascertain and measure such tax. The court there said: "It seems from the parenthetical clause of section 3—'except as provided in section 1 hereof'—that the draftsman of the act intended to exclude some carriers using the public highways from liability for the privilege tax which the act then proceeds to impose; but when we turn to section 1, to which the parenthetical clause refers, no words which therein appear, by themselves alone, suggest such an exception. . . . Nothing herein said must, or can reasonably, be construed as an intimation that carriers who are neither permit carriers nor common carriers within the provision of the second paragraph of section 15 are subject to the tax here imposed. What we have in effect said is that the statute provides no method of ascertain-

ing the mileage of their vehicles, from which it may follow that the draftsman of the statute accomplished his purpose (set forth in the parenthetical clause of section 3) of excepting some carriers from the tax imposed, a question not now before us and on which we express no opinion.''

The appellee in this case is in a different situation and class. Applying the rule announced in the City Bus Company Case, and considering all the sections of the chapter together, it is quite clear that the Legislature intended to exclude from levy of the mileage privilege tax here involved some of the carriers using the public highways. By sections 15 and 16 it is clear that the Legislature imposed the privilege tax upon special permit carriers, and (1) provided the method of ascertaining the amount of tax by requiring the use of speedometers; and (2) that it so provided as to common carriers of passengers for hire on the public highways and streets, both in and between municipalities, for the reason that they were subject to the supervision of the State Railroad Commission, and the mileage of its motor vehicles should be determined by the records or data supplied by the State Highway Commission.

The common carriers involved in the present case are not within either of these classes, and we are of the opinion, from a re-examination of the whole chapter, that no mode of establishing their liability is to be found therein.

In making the above statement, we have not overlooked the contention of the Attorney-General that by section 13 of the chapter the common carrier here involved is rendered subject to the tax. That section is as follows: ''The state railroad commission shall continue to exercise all jurisdiction as now provided by law for granting certificates to and supervising operators of busses and trucks for hire as common carriers over the highways of this state. Any operator not hav-

ing a certificate of public convenience and necessity from the Mississippi railroad commission shall nevertheless be taxed for the use of the highways, and the auditor of public accounts shall prescribe rules and regulations not inconsistent with this act under which the liability for the tax may be ascertained and the collection of it made, and may prescribe rules and regulations under which any operator may pay the tax monthly as hereinafter provided.''

We conceive it to be the contention of the Attorney-General that, because the auditor may prescribe rules and regulations under which liability for the tax may be ascertained, therefore the carrier appellee here, is not excepted by the subsection in section 3. If we should lift said section 13 from the entire act, without any consideration or emphasis being given to the exception stated in section 3, there might be substantial ground for argument. The word "except" as provided in section 1 of the chapter, as pointed out in the City Bus Company Case, cannot be eliminated therefrom; and neither can the intention of the Legislature to exempt some carriers be ignored or nullified by placing undue emphasis upon the power granted the auditor to make rules and regulations. We must ascertain the legislative intent from all the provisions of the statute. See Robertson v. Texas Oil Co., 141 Miss. 356, 106 So. 449; Dresser v. Hathorn, 144 Miss. 24, 109 So. 23; McKenzie v. Boykin, 111 Miss. 256, 71 So. 382; City of Hazlehurst v. Mayes, 96 Miss. 656, 51 So. 890; Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A., (N. S.) 541, Ann. Cas. 1914B, 392.

Investing the auditor with power to make rules and regulations, not inconsistent with the act, for ascertaining the amount of mileage tax due is one thing, and the imposition of such tax by him is another. According to the opinion as expressed in the City Bus Company Case, this particular section means that the auditor

was empowered to make rules and regulations with reference to the two methods of ascertaining the amount of tax found in sections 15 and 16, but not to impose liability which was not imposed by the statute as a whole. It is quite evident that rules and regulations might be necessary to the speedometer method and likewise to the manner of ascertaining and reporting the amount to the auditor by the common carrier, operating under the supervision of the Railroad Commission. It is evident that many things would be taken into consideration where the carrier was operating upon the various highways of the state. We therefore conclude that section 13 did not extend and impose any other and different liability, so as to include carriers which, in our opinion, the Legislature intended to exclude.

In the light of subsequent legislation in 1936, excluding the carrier here involved, we feel satisfied that we have correctly announced the intention of the Legislature in the City Bus Company Case, and in the case now before us; not that the subsequent legislation excluding this carrier would be properly considered by us as an aid to the construction of the statute. It is quite clear, as announced in the former case, that the Legislature intended to except some carriers from the mileage tax imposed by it.

We are of the opinion that the Legislature did not in express terms impose the liability, in the light of sections 15 and 16, and 3, and section 1, subsec. 12(c).

We cannot determine with certainty any method by which, according to legislative will, the tax should be measured as to the common carrier here involved, nor do we know how the common carrier and the auditor arrived at the amount which was paid in this case. In the City Bus Company Case we could determine with certainty that the operator there was taxed, because the Legislature clearly defined how the tax should be imposed. In the case now before us it has not done

so. We have therefore reached the conclusion that no tax was imposed upon the appellee, and that the judgment of the court below should be approved by this court.

Affirmed.