LOVE PETROLEUM CO. *v.* STONE, CHAIRMAN OF STATE TAX COMMISSION.

(Division B. Oct. 16, 1939.)

[191 So. 417. No. 33822.]

Green, Green & Jackson, of Jackson, for appellant.

Alexander & Satterfield, of Jackson, amicus curiae in behalf of appellant.

798

**J. A. Lauderdale,** Assistant Attorney-General, for appellee.

Argued orally by **Garner W. Green,** for appellant, and **J. A. Lauderdale,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

This suit was filed by the appellant in the circuit court of Hinds County against the appellee to recover taxes paid by it under protest, and which tax was claimed by the State Tax Commission to be due under the provisions of Chapter 89, Laws of 1938, Extra Session, approved August 20, 1938, amending Chapter 119, Laws of 1934, as amended by section 2 of Chapter 158, Laws of 1936.

The tax thus imposed is commonly called a sales tax,

and applies to natural gas produced for sale in this state. Prior to the enactment of the said Chapter 89, Laws of 1938, supra, the tax was at the rate of 2½%, and was increased by section 1 of this act to 10%, with a proviso that on and after March 1, 1939, the rate should be 2½% as under the former statutes. Then section 2 thereof provides that the act should take effect and be in force from and after September 1, 1939.

It is therefore apparent that a clerical error was made in the statute last above mentioned, either in regard to the date "March 1, 1939," mentioned in section 1 thereof as to when the rate was to change from 10% back to 2½%, or in regard to the date "September 1, 1939," mentioned in section 2 thereof, as to when the act was to take effect. Otherwise, we would have the anomalous situation of the legislature having provided that the statute should not take effect until after it should have ceased to operate.

It is manifest that the legislature intended that the increase in the tax from 2½% to 10% should continue until March 1, 1939, as provided for in section 1 of the said Chapter 89, supra, and which is the section that seeks to amend the preceding statutes. Of course, the statute could not so operate unless it should be construed so as to take effect prior to that date. Under Section 75 of the state Constitution the act would have become effective sixty days after its passage, unless otherwise provided by the legislature. We are of the opinion that it is more reasonable to assume that there was an intention to restrict this sixty day limitation than to postpone the effective date of the statute for more than one year after its enactment. It is frequently provided in the enactment of statutes that they shall take effect from and after their passage. It is likewise true that the constitutional limitation of sixty days is frequently allowed to apply by a failure to provide otherwise. It is only in rare instances that the effective date of a statute is postponed for more than one year after enactment; and this is espe-

cially true when emergency laws are passed for the purpose of raising revenue, since these measures usually relate to the current biennium if they are to operate only for a short period of time instead of becoming part of a permanent revenue system.

But it is urged that if we should hold that the difficulty here presented is such as to lead necessarily to the conclusion that a clerical error is apparent on the face of the statute, then that we would be equally warranted in saying that the increase in the tax was intended to expire on *March 1, 1940,* instead of "March 1, 1939," as we would be in saying that the legislature intended that the act should take effect on *September 1, 1938,* instead of the date specified as "September 1, 1939." If we have not already answered this suggestion by the observations hereinbefore made, then it may be further stated that it is not reasonable that the legislature would extend the operation of a revenue measure, increasing an existing tax fourfold, over into the next state administration where such a measure is to operate for only a short period of time. At any rate, is appears to us to be the more reasonable conclusion that it was intended that the statute should become effective September 1, 1938, instead of "September 1, 1939," where it was to cease in its operation on a March 1st date after its enactment.

The legislative journals disclose that the act in question, introduced under the caption of Senate Bill No. 104, was passed during the closing days of the legislative session; and that the same was passed by both the Senate and House and signed by the presiding officers thereof within two days after its introduction. A mere casual reading of the statute clearly discloses that in this hurried procedure a clerical error occurred either in fixing the date for its expiration as "March 1, 1939," or in fixing the date when it should become effective, as "September 1, 1939."

In the case of Roseberry v. Norsworthy, 135 Miss. 845, 100 So. 514, the Court was there construing Chapter 116,

Laws of 1924, which levied a graduated privilege tax on automobiles and trucks. The tax ranged from $10 to $400 per vehicle. The act contained a provision as follows: "Provided, that in all cases the maximum tax for all automobiles, trucks, trailers and semi-trailers shall be $10.00 per annum." The court held that the use of the word "maximum" was a clerical error and that it would substitute the word "minimum" therefor.

See also Earhart v. State, 67 Miss. 325, 7 So. 347; Ott v. State ex rel. Lowery, 78 Miss. 487, 29 So. 520; State v. Rawles, 103 Miss. 806, 60 So. 782; Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.), 541, Ann. Cas. 1914B, 392; Gandy v. Public Service Corp., 163 Miss. 187, 140 So. 687; Alexander v. Graves, 178 Miss. 583, 173 So. 417; Miss. Cottonseed Products Co. v. Stone (Miss.), 184 So. 428, not officially reported.

We are of the opinion that in order to give the effect to the statute intended by the legislature, and make it operative at all, it is necessary to hold that the date on which it was to take effect was September 1, 1938. The action of the court below in sustaining the demurrer and dismissing the suit, when the plaintiff declined to plead further, was therefore correct.

Affirmed.