RICHARDS LIGHTMAN THEATRES CORPORATION *v.* STONE.

(In Banc. Feb. 24, 1947. Suggestion of Error Overruled March 24, 1947. Motion to Correct Judgment Sustained April 28, 1947.)

[29 So. (2d) 265. No. 36328.]

W. E. Gore, of Jackson, and William W. Goodman, C.
Rudolph Johnson and Morris L. Strauch, all of Memphis,
Tenn., for appellant.

**J. H. Sumrall**, of Jackson, for appellee.

**Green & Green**, of Jackson, and **Rosen, Kammer, Wolff, Hopkins & Burke**, of New Orleans, La., amici curiae.

464

Argued orally by **W. E. Gore** and **Garner Green**, for appellant, and by **J. H. Sumrall**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

There was levied and collected a chain-store tax of approximately $2,000.00, including penalties, under the provisions of Chapter 121, Laws of 1940, Sections 9300

to 9311, inclusive, Code 1942, upon the theory that the taxpayer, Richards Lightman Theatres Corporation, was engaged in operating chain stores in connection with three or more theatres owned and conducted by the said corporation in this State. This suit is brought for the recovery of the said tax and penalties which were not required to have been paid under protest as a condition precedent to the recovery thereof, and a judgment was rendered by the trial court, whereby the relief prayed for was denied.

The proof discloses that the "stores" operated by the theatre corporation were maintained within the lobby of each theatre, where they were accessible only to those who had first purchased tickets, and that chewing gum, candy bars, popcorn, etc., were there sold to its patrons; that this merchandise is purchased from local wholesale stores, not owned by this taxpayer, instead of being distributed from a central warehouse; and that, therefore, there is not present in the operation of these "gum counters" the advantages of mass buying and the other factors and advantages availed of by the ordinary chain stores.

The title of Chapter 121, Laws of 1940, recites that the Act is one to levy and impose a tax upon the privilege of operating three or more stores or mercantile establishments, one or more of which is located in this State, and to classify such stores for the purpose of taxation, and "to declare the public policy on which this act is founded; . . ."

Section 1 of the Act clearly discloses that the foundation of the tax is the fact that "due to the greater specialization in management and methods, the advantages of mass buying," etc., stores operated in multiple units enjoy an advantage over individually owned and operated single stores to such an extent as to justify their separate classification for the purpose of privilege taxation.

In the case of Kennington v. Hemingway, 101 Miss. 259, 267, 57 So. 809, 811, 39 L. R. A. (N. S.) 541, Ann. Cas.

1914B, 392, the Court said: " . . . One of the maxims of the common law, therefore, is 'verba intentioni debent inservire.' (Words are to be governed by the intention.) As was said by this court in Board of Education v. [Mobile & O.] Railroad Co., supra [72 Miss. 236, 16 So. 489]: 'It is familiar learning that, in the construction of statutes, courts chiefly desire to reach and know the real intention of the framers of the law, and, reaching and knowing it, then to adopt that interpretation which will meet the real meaning of 'the Legislature, though such interpretation may be beyond or within, wider or narrower than, the mere letter of the enactment.' "

We are of the opinion that the tax levied and collected in the instant case is not within the intent and meaning of the Act in question, and that, therefore, the appellant was entitled to recover the amount of the taxes and penalties paid by it to the appellee as a chain-store tax, together with interest thereon as provided for by the Act in question, and that the judgment of the trial court denying the said relief should be reversed.

In view of the above stated conclusion, we pretermit any expression of opinion on the additional grounds upon which the appellant relies for a reversal.

Reversed and judgment here for appellant.