STATE BOARD OF EDUCATION v. MOBILE & OHIO RAILROAD CO.

1. CONSTRUCTION OF STATUTE. *Evident purpose effectuated.*

In order to effectuate the evident purpose of a statute, courts will, if necessary, depart from a literal interpretation, and give it a broader or more restricted meaning than its mere words import.

2. RAILROADS. *Highway crossing. Signboards.* Code 1880, § 1050.

The erection and maintenance by railroad companies at highway crossings of large signboards in the shape of a double cross. conspicuously inscribed "Railroad Crossing," is a substantial compliance with § 1050, code 1880, which, under a penalty, requires them to erect and maintain at every such crossing a board "upon a post or frame sufficiently high," with the inscription "Look out for the Locomotive." So held in a suit for the penalty.

3. PLEADING. *Demurrer overruled. Failure to reply. Judgment final.*

Upon overruling a demurrer to a plea which goes to the whole action, if plaintiff declines to reply, there should be judgment final for defendant.

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

Section 1050, code 1880, is as follows: "Every such [railroad] company shall cause a board to be erected and kept up upon a post or frame sufficiently high, at every place where the railroad may cross a highway, with this inscription: 'Look out for the locomotive;' and, on failure to observe the three last provisions, such company shall be liable to a fine of fifty dollars for each failure, and such offense shall be cognizable before any justice of the peace of the county. A failure to erect the board, as directed, shall be deemed to have occurred on every day the company may continue so to fail or neglect to have the same set up; and, moreover, such company shall be liable to any party injured by such failure or neglect for all damages that such party may have sustained thereby."

The state board of education brought this action in August, 1892, against the Mobile & Ohio Railroad Co., seeking to recover a large sum alleged to be due as fines accrued under the above-quoted section of the code of 1880. Defendant demurred to the declaration. The cause was before this court at the October term, 1893, on an appeal by the plaintiff from a judgment sustaining a demurrer to the declaration and dismissing the cause, and the judgment of the court was reversed. See *Board of Education* v. *Railroad Co.*, 71 Miss., 500. On the return of the case to the lower court, defendant filed many pleas, but the opinion of the court renders it unnecessary to notice any of them except the sixth, which averred a substantial compliance with the statute. The facts throwing light on this issue sufficiently appear in the opinion. Plaintiff's demurrer to the sixth plea was overruled, and plaintiff having declined to reply thereto, the court directed judgment final for the defendant, and plaintiff appeals.

*Clarke & Clarke,* for appellant.

The language of § 1050, code 1880, is clear and unambiguous, and does not admit of construction. It admits of but one meaning, and the courts cannot construe it so as to give it another. 23 Am. & Eng. Enc. L., 298–305; 2 Cranch, 386; 6 Wall., 395; 5 Wheat., 95; 95 Am. Dec., 152; 63 *Ib.*, 139; 12 *Ib.*, 375; 130 U. S., 674; *Carson* v. *Carson,* 40 Miss., 349; Potter's Dwarris on Statutes, 206, 207. The statute is mandatory. *Koch* v. *Bridges,* 45 Miss., 247.

*J. A. Blair, Allen & Robins, J. L. Finley* and *E. L. Russell,* for appellee.

The sixth plea sets up a substantial and sufficient compliance with the statute. The statute only requires that the post shall be sufficiently high, and that there shall be a board bearing the required inscription. These are the meager details. It cannot be contended that any board, however small, with the

inscription however inconspicuous, would constitute a substantial compliance with the statute. There would be, perhaps, a literal compliance, but the purpose would be incomplete. Violating the spirit of a law by pretending to respect the letter, is a fraud no less criminal than an open violation of it. It is not less contrary to the intention of the legislature, and only shows a more artful and more deliberate malice. Dwarris on Statutes, 129. The sign used by defendant as fully reveals to a person approaching the crossing the whole situation as if he stood upon the crossing himself. A party may not disregard the law or substitute his own wisdom or device for its requirements, but we contend that, in the present case, the statute was complied with in substance and in spirit. Where the expression in a statute is particular, but the reason is general, the expression should be deemed general also. 1 Kent Com., 462; *Bank* v. *Archer*, 8 S. & M., 851.

The law is highly penal, and should be strictly construed in favor of the citizen. 23 Am. & Eng. Enc. L., 375; 1 Bishop Crim. L., §§ 224, 225; Dwarris on Statutes, 130. Statutes are construed with reference to the exigency calling them forth, the evils that existed and the remedy proposed by law. 45 Miss., 154.

On the general subject, see *Railroad Co.* v. *Hemphill*, 35 Miss., 21; 30 *Ib.*, 410; 26 *Ib.*, 439; 3 How. (U. S.), 558; 5 Cranch, 3; 1 Pick., 248; 57 Am. Rep., 623; 63 Am. Dec., 139; 74 *Ib.*, 522.

The plea was to the whole declaration. It was held good, and, as plaintiff declined to reply, it was proper to render judgment final. *Tittle* v. *Bonner*, 53 Miss., 583; *Lampkin* v. *Nye*, 43 *Ib.*, 241; *Evans* v. *Miller*, 58 *Ib.*, 120; Code 1892, §§ 671, 681.

WOODS, J., delivered the opinion of the court.

What was the object and intention of the lawmaking power in the enactment of § 1050, code 1880? The object was to

give greater security from perils by moving locomotives or trains to travelers at railroad crossings over highways.    The intention was to require the railroad companies to give permanent warning of perils from collisions at crossings to the traveling public.    The railroad companies were to be required to keep standing a suitable and simple device or signal of danger, that all who approached might be admonished of the peril of heedlessly going upon the track.

It is familiar learning that, in the construction of statutes, courts chiefly desire to reach and know the real intention of the framers of the law, and, reaching and knowing it, then to adopt that interpretation which will meet the real meaning of the legislature, though such interpretation may be beyond or within, wider or narrower than, the mere letter of the enactment. The case in hand affords a striking example of the wisdom of carrying into effect the true meaning of the statute, rather than giving it a strict, literal interpretation.    By the sixth plea of the appellee it is averred that "defendant [the railroad company] did cause two boards to be erected and kept up upon a post sufficiently high—to wit, of the height of fifteen feet, and of the width and thickness of eight by eight inches—said board being of the length of nine feet, and of the width of ten inches, and attached to said post near its top, and both sides thereof in form of a double cross, with this inscription on both sides of said boards in letters as large as could be written thereon—to wit: 'Railroad Crossing.'    Said post and cross and letters were so placed, erected, and maintained as to be plainly visible at a great distance from each approach along and upon said highways," etc.    It is clear that, though the warning signal thus described in the sixth plea, is not within the letter of the statute, it is clearly within its spirit, and meets the meaning of the law and the intention of its maker.    Having the intention of the legislature in enacting the statute, and the subject-matter to which it relates, we find that a literal interpretation will extend the operation of the act to cases which never were de-

signed to be included; and, so, it is our duty to restrain the operation of the law within narrower bounds than the literal terms import.

Moreover, a literal interpretation of the statute would enable the wilful contemner of the law to violate it with impunity, for it is altogether possible for one to comply with the mere letter of the act and utterly disregard its meaning.  By a mere literal adherence to the words of the statute, a railroad company might erect a board a foot in length and an inch in width warning travelers, in letters too small to be seen at any distance, in the very words of the act to "Lookout for the Locomotive."  And yet no legal mind would consent to this interpretation as correct, for it is familiar learning, also, on the other side, that a thing which is in the mere letter of a statute is not within the statute unless it is also within the meaning of the act and within the intention of the legislature.  Here, in this case just cited by way of illustration, to give effect to the meaning of the law and the purpose of the lawmaker, we must give the statute a larger construction than its mere words literally import.  In the case at bar, as we have seen, to give effect to the meaning of the statute, we must restrain its operation to cases covered by its spirit.

There was no error in the court's action in entering judgment final for appellee upon the overruling of the demurrer to the sixth plea, and upon appellants declining to plead further, for the reason that this plea went to the very root of the controversy, and, being held good, further litigation, in any phase of the case, would have been idle.

*Affirmed.*