WIRT ADAMS, STATE REVENUE AGENT, *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD CO.

1. STATUTORY CONSTRUCTION. *Rules of, approved and applied.*

The following rules of statutory construction approved and applied:

(*a*) A statute must receive such construction as will, if possible, make all its parts harmonious with each other, and render them consistent with its scope and object.

(*b*) The entire statute must be so read that the whole may have a harmonious and consistent operation.

(*c*) In the construction of a statute, the object is to get at its spirit and meaning, its design and scope, and that construction will be justified which evidently embraces the meaning and carries out the object of the law, although it be against the letter and the grammatical construction of the act.

(*d*) In determining the proper construction of a statute, the entire legislation on the same subject-matter, its policy and reason, as well as the text of the particular act, must be looked to.

2. SAME. *Exemptions from taxation.*

Statutes creating exemptions from taxation are in derogation of sovereign authority and common right, are not to be extended beyond the exact and express requirements of the language used, and must be construed *strictissimi juris.*

FROM the circuit court, first district, Hinds county.

HON. ROBERT POWELL, Judge.

Wirt Adams, state revenue agent, an officer authorized by statute in certain cases to sue for and recover unpaid taxes—state, county, levee or municipal—when taxpayers have wrongfully escaped payment of the same, brought this suit against the Yazoo & Mississippi Valley Railroad Company, to recover of it the municipal taxes which it should have paid, as plaintiff claimed, for the years 1893, 1894, 1895 and 1896, to the cities, towns and villages of Jackson, Yazoo City, Greenwood, Flora, Thornton, Tchula, Cruger, Lexington and Durant. The defendant railroad claimed an exemption from municipal taxes under the eighth section of its charter, which was in these words:

"*Be it further enacted*, That, in order to encourage the investment of capital in the works which said company is hereby authorized to construct and maintain, and to make certain in advance of such investment, and as an inducement and consideration therefor, the taxes and burdens which this state will and will not impose thereon, it is hereby declared that said company, its stock, its railroads and appurtenances, and all its property in this state, necessary or incident to the full exercise of all the powers herein granted, not to include compresses and oil mills, shall be exempt from taxation for a term of twenty years from the completion of said railroad to the Mississippi river, but not to extend beyond twenty-five years from the date of the approval of this act; and when the period of exemption herein prescribed shall have expired, the property of said railroad may be taxed at the same rate as other property in this state. All of said taxes to which the property of said company may be subject in this state, whether for county or state, shall be collected by the treasurer of this state and paid into the state treasury, to be dealt with as the legislature may direct; but said company shall be exempt from taxation by cities and towns."

The railroad had not been completed to the Mississippi river when the suit was brought.

The judgment of the circuit court was, upon demurrer to the declaration, favorable to defendant, and plaintiff appealed.

*Williamson & Potter*, for appellant.

The right of the Yazoo & Mississippi Valley Railroad Company to the exemption provided by the act of its incorporation, as to state and county taxes, has heretofore been decided by this court against the company, the court holding that the exemption was conditioned on the railroad reaching the Mississippi river. *Y. & M. V. R. R. Co.* v. *Thomas*, 65 Miss., 553. This decision was affirmed by the supreme court of the United States. *Y. & M. V. R. R. Co.* v. *Thomas*, 132 U. S., 174.

The question presented by this case is, did the legislature,

by the last paragraph of section eight of the charter, intend to grant perpetual and unconditional exemption from taxation by cities and towns?    "Statutes or charters exempting property, persons or corporations from the common burdens of taxation are to be strictly construed.    The intention of the legislature to grant the immunity claimed must be clear beyond a reasonable doubt, and the state must be given the benefit of every doubt arising as to the legislative intent."    25 Am. & Eng. Enc. L., 157; *Hoge* v. *Railway Co.*, 99 U. S., 348; Sutherland Stat. Con., 364; *Ice Co.* v. *Greenville*, 69 Miss., 86; *Y. & M. V. R. R. Co.* v. *Thomas*, 65 Miss., 553.    "A claim of exemption from county and municipal taxation cannot be supported any more than a claim of exemption from state taxation, except upon language so strong as that, fairly interpreted, no room is left for controversy."    *Bailey* v. *Maguire*, 22 Wall. (U. S.), 215.    "Doubt is fatal to the claim."    *Fertilizer Co.* v. *Hyde Park*, 97 U. S., 667.

From a fair reading of the act under consideration it would appear that, provision having been made in section eight for the collection of state and county taxes by the state treasurer, and these having been thus specially mentioned, and as there might arise a doubt as to whether municipal taxes were covered by the exemption, on the doctrine that the mention of one would exclude the other, and, to make this certain, the clause, "but said company shall be exempt from taxation by cities and towns," was added.    Not that the company should have perpetual and unconditional exemption from municipal taxes, as is contended, but that it shall likewise (that is, upon the terms and conditions before made in the section), be exempt from municipal, as well as other taxes.    This is borne out by the object and spirit of the act.    The purpose of the legislature, in granting the exemption, was to induce the building of the road to the Mississippi river, as held in the Thomas case by this court and by the supreme court of the United States in the same case, where the latter court says: "In our opinion, it cannot be

doubted that the principal object of the grant to the company
was the building of a line across the state from the Chicago
Railroad to the Mississippi river.'' *Y. & M. V. R. R. Co.* v.
*Thomas*, 132 U. S., 174. It cannot be held that it was the
purpose of the legislature to relieve the corporation from any·
of the burdens of taxation without some object or reason, and
the apparent object and reason of the exemption was to induce
the company to build its railroad to the river, not only to open
up that section of the country, but to bring the river and the
railroad into competition as common carriers, and to connect
them. An act must be construed according to its reason and
object. *Love* v. *Taylor*, 26 Miss., 567; *Grand Gulf Bank* v.
*Archer*, 8 Smed. & M., 151. We further cite, as pertinent to
the case, *Painter* v. *Trotter*, 10 Smed. & M., 537; *Dixon* v. *Doe*,
1 Smed. & M., 70; *Clements* v. *Anderson*, 46 Miss., 581; *El-
lison* v. *M. & O. R. R. Co.*, 36 *Ib.*, 572; *Verdin* v. *Bowers*,
55 *Ib.*, 1.


*W. A. Henry*, on same side.

The case of *Y. & M. V. R. R. Co.* v. *Thomas et al.*, 65 Miss.,
553, is really decisive of the present case. The opinion states
the law most tersely, saying: ''As taxation is the rule and ex-
emption the exception, the intention to create an exemption
must be expressed in clear and unambiguous terms; and it can-
not be taken to have been intended, when the language of the
statute on which it depends is doubtful or uncertain.''

The charter of appellee is a most liberal one. It granted
unusual rights, privileges and powers. But its terms clearly
demonstrate that, among its many other purposes, the central
idea was the building of a railroad from some point on the main
line of the Illinois Central, as it is now known, to the Missis-
sippi river; that it would extend to this mighty artery of com-
merce. That this was the legislative idea there can be no doubt;
and this was the inducement to exemption from taxation. By
the eighth section of the charter it is declared that said com-

pany, its stock, its railroads and appurtenances, and all its property in this state necessary or incident to the full exercise of all the powers therein granted, not to include compresses and oil mills, shall be exempt from taxation for a term of twenty years from the completion of said road to the Mississippi river, but not to extend beyond twenty-five years from the date of the approval of the act.   Could it be more plainly expressed that the exemption from taxation, not from state and county, but from all taxation, municipal as well as state, levee and county, does not commence until the completion of the road to the Mississippi river ?   Do the words at the bottom of the section, " but said company shall be exempt from taxation by cities and towns," nullify the clear expression above quoted ? Taking the whole section, is it clear that the legislature meant to exempt the " company " from municipal taxes from the passage of the act, and for all time to come ?   Is the intention to create such exemption " expressed in clear and unambiguous terms ? "   Is not " the language of the statute on which the exemption depends," doubtful or uncertain ?   If so, then, under the case in 65 Miss., *supra*, the exemption cannot be taken to have been so intended.

Again, if the words " but said company shall be exempt from taxation by cities and towns " is to prevail over the previous clear expression in the section, then the question arises, what is exempt thereby ?   Is the " company " only exempt from, say, privilege, income, or other like tax, or, in addition, is all of its property, of every kind and description, including its compresses and oil mills, its depots, its railroads and rolling stock, its valuable real estate, such as it owns in Yazoo City, for instance, much of which is not used for railroad purposes, its express, insurance and storage business (in which it may engage under section nine of its charter) and its telegraph line ? If exempting the company exempts the whole of its property also, then why the particularity in the first part of the section, " that said company, its stock, its railroads and appurtenances,

and all its property in this state, etc., shall be exempt," etc.? Surely it cannot be that the legislature used the word "company" synonymously with the foregoing expression. I respectfully submit that the question of the exemption in this case is, to put it most strongly against the appellant, involved in that doubt and uncertainty that authorizes the court to uphold the taxing power, and that a reversal of the case should be entered.

*Mayes & Harris,* for appellee.

The question involved in this case is a very narrow one, and its consideration can be dismissed in a few words. The case is an effort to collect municipal taxes, not state or county taxes, from the company on account of its strict railroad property lying in the cities, towns and villages along the Yazoo branch, including the city of Jackson. It involves the construction of the final clause of section eight of the charter of the appellee, granted in the year 1882. The statute involved is to be found on page 847 of the laws of 1882. Our claim, which is limited to municipal taxes, is based on the concluding clause of section eight, "but said company shall be exempt from taxation by cities and towns." This section has already passed under the decision of this court from one point of view. *Y. & M. V. R. R. Co.* v. *Thomas,* 65 Miss., 553, s.c. 132 U. S., 174. The question now presented is entirely different. We make no contention against the full force and effect of the previous decision. We do not, either, controvert the general rule contended for by the opposite counsel at length, that an exemption must be clearly granted and will not be implied, etc. It is not worth while to argue all that. We admit the rule as fully as counsel state it. We contend that the grant here is as clear, as definite, as the rule requires. We say there is no room for construction. *Lake County* v. *Rollins,* 130 U. S., 662, 670. The words used here have a plain, simple and obvious meaning, and on that meaning we stand; while it is the revenue agent who, by

counsel, endeavors, by an unnecessary and uncalled-for con-
struction, to interpolate words into the statute and make the
act say what it does not say.

The section, as a whole, has two distinct members. They are
clearly and definitely antithetical. The first member, which
is much the more lengthy of the two, is the one which this
court construed in the Thomas case. The second member the
court has never considered, and it needs no construction. The
first member, as construed by the court, is plainly conditional
(that was never denied by the company even), and conditional
that the road should reach the river before the exemption should
begin to run (which was the controverted point); but the second
member is unconditional and unlimited. In the rhetorical and
logical analysis of the section there is a plain and manifest tran-
sition of intent and meaning. Such transition or change could
hardly be more plainly indicated than it is indicated here. To
express the legislative idea in different terms, it is as if the leg-
islature had said: (1) As to state and county taxes, there shall
be an exemption of the company and of its property employed
in railroad uses, said exemption to begin whenever the railroad
shall be constructed to the Mississippi river, and to continue
for twenty-five years from the date of this act. (2) But said
company and its railroad property aforesaid shall be exempt
from city and town taxation, absolutely and forever, without
condition and without limit.

The construction of the statute contended for by opposite
counsel does violence to the very simple language of the stat-
ute. (1) It requires the court to disregard a well-settled rule,
and resort to construction, in order to create a doubt, not to
solve one. (2) It requires the court to interpolate words into
the statute, when those employed by the legislature convey a clear
and sensible impression. (3) It requires the court to disregard
altogether the word " but," with which the clause is introduced.
That word, as defined by Webster, when used in this manner,
means "on the contrary," "on the other hand." That defi-

nition, as given by the lexicographer, is in perfect accord with the thoroughly familiar and common use of the word. Perhaps there is no word in the language which is more common and general in its employment, and none which is used more generally in its proper lexicographical sense. Replace the word by either of the two equivalent phrases given by Webster, and there is no possibility of misunderstanding the legislative intent to grant an exemption from city and town taxation, free from all restrictions previously imposed in the case of county and town taxation; if not, there is no construction or antithesis whatever. (4) To give this clause the construction contended for by the appellant requires the violation of another cardinal rule of statutory construction, which is, that every word and every clause must be given, if possible, its distinctive operation and effect. A construction which makes words and clauses meaningless is to be avoided. That is certainly done here if the contention of the appellant be allowed. That contention is that the clause must read as if it said, "And said company shall be exempt from taxation by cities and towns, under the same conditions and for the same period." This not only violates the rule cited by us, but also it neutralizes the whole clause, for if that clause were left out altogether, the effect of the statute would be what the appellant contends for.

WHITFIELD, J., delivered the opinion of the court.

It was held, in *Y. & M. V. R. R.* v. *Thomas et al.*, 65 Miss., 562, affirmed 132 U. S., 174, that the exemption offered in section eight of act of February 17, 1882 (laws 1882, p. 838), was to commence from the completion of a line of said railroad to the Mississippi river. The question there involved related to state and county taxes. The contention here relates to municipal taxes alone. The United States supreme court there declared the inflexible rule, that "exemptions from taxation are regarded as in derogation of the sovereign authority and of common right, and, therefore, not to be extended beyond the exact and

express requirements of the language used construed *strictissimi juris.*" It further declared the fundamental purpose of the offer of exemption to be, to secure the completion of the railroad to the Mississippi river. This was the clear consideration of the exemption. And the opening up of so valuable a line of communication to a great competing river constituted a consideration, the value of which, to the people of that part of Mississippi, can readily be appreciated. And to the argument made then, as now, that the consideration for the exemption was, as recited in the preamble of the act, "the great public importance" of the work, and "the physical difficulties of constructing and maintaining such railroads in the delta of this state," that court well replied, that all these recitals were "just as referable to the remarkably extensive powers granted" to this company, "as to the assignment of reasons for exemption from taxation." Statutes must receive a reasonable construction, reference being had to their controlling purpose, to all their provisions, force and effect being given not narrowly to isolated and disjointed clauses, but to their plain spirit, broadly taking all their provisions together in one rational view. Neither grammatical construction, nor the letter of the statute, nor its rhetorical framework, should be permitted to defeat its clear and definite purpose to be gathered from the whole act, comparing part with part. And no construction is ever to be adopted, which charges the legislature with absurdity, when any other reasonable view can be taken.

What reasonable explanation can be suggested why this railroad should have perpetual and absolute exemption from municipal taxation as to all its property, of every kind whatever, and only limited and conditional exemption from state and county taxation as to its railroad property proper? There is no construction that can uphold appellee's view, save the most technically literal one, in the very face of the paramount purpose of the act to secure a line of railroad to the Mississippi river. We are asked to take the last clause of the entire section, sep-

arated only by a semicolon, and look to that only, as if it were the whole section, shutting out the body of the section of which it is an integral part. Nay, more; we are told that this construction is imperative because of some supposed magical effect in the conjunction "but," with which the said last clause is introduced, when here it may well mean the same as "yet," "still," "moreover." We are not disposed to so wrench the statute from its purpose, and pivot an absolute exemption from municipal taxation, for all time to come, granted conditionally for a consideration never performed, upon some supposed exclusive meaning of this very common connective. The purpose of the act manifestly was to grant the limited exemption mentioned from all taxation, state, county and municipal, on the property necessary and incidental to its proper use as a railroad, from the completion of the railroad to the Mississippi river, and no exemption otherwise. The language is "shall be exempt from taxation;" all taxation, not "taxation" except municipal taxation. The part of the act dealing with the grant of exemption is that just quoted. The part of the act in which the last clause of section eight occurs is devoted to a wholly different purpose, the object of this last part being, as the United States supreme court observes, on page 189, "to create a scheme of taxation peculiar to the road." That scheme was to provide that all state and county taxes should be "collected by the treasurer of the state, and paid into the state treasury, to be dealt with as the legislature might direct." And then, to guard against the possible implication from the failure to previously specifically mention municipal taxation, and from the failure to mention any method as to its collection, the last clause is added to show that exemption as to municipal taxation, conditional and limited as the other, was also to obtain. Any antithetical use " but " has here, serves this cautionary purpose only. Look at some other provisions of the act. It is provided that " when the period of exemption herein provided shall have expired, the property of said railroad company shall

be taxed at the same rate as other property in this state." Not state and county taxes, but all taxes shall be paid. Another gross absurdity would result from the literal construction contended for by the appellee. It is provided that the exemption shall embrace, by specific enumeration, the granting clause— the company's "stocks, its railroads and appurtenances, and all its property necessary or incidental to the full exercise of all the powers herein granted, not to include compresses and oil mills." And yet, beyond all question, if the contention of appellee is correct, and the last clause of the section is to be taken as wholly independent of the rest of the section, the exemption from municipal taxation would be absolute and perpetual not only as to property used for railroad purposes proper, but as to all its property of every kind, including compresses and oil mills, which were expressly left subject to state and county taxation at all times.

"A statute must receive such construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object." *Ellison* v. *Railroad Co.*, 36 Miss., 572. "The entire statute must be so read that the whole may have a harmonious and consistent operation." *Vinden* v. *Bowers*, 55 Miss., 18. "In the construction of a statute the object is to get at its spirit and meaning, its design and scope; and that construction will be justified which evidently embraces the meaning and carries out the object of the law, although it be against the letter and the grammatical construction of the act." *Dixon* v. *Doe*, 1 Smed. & M., 70; *Pointer* v. *Trotter*, 10 *Ib.*, 537; *Board* v. *Railroad Co.*, 72 Miss., 239. "In determining the proper construction of a statute, the entire legislation on the same subject-matter, its policy and reason, as well as the text of the particular act, must be looked to." *Clements* v. *Anderson*, 46 Miss., 598.

Apply these elementary tests, remembering that statutes relating to exemptions "in derogation of sovereign authority and common right, are not to be extended beyond the exact

and expressed requirements of the language used, construed *strictissimi juris*," and it seems to us clear that this claim to absolute and unlimited exemption from municipal taxation on all the property of appellee cannot be maintained. To maintain it would be to hold that no matter how vast the holdings of the appellee might become in cities and towns, in all the future, and no matter how entirely disconnected such holdings might be from any use necessary or incidental to the operation of the railroad as a railroad, still all such property would forever be exempt from municipal taxation, though the road should never be built to the Mississippi river. It is quite immaterial that here only railroad property proper is involved, for the same clause which would uphold exemption as to that would warrant exemption as to all—a purpose most indisputably never dreamed of by the legislature.

*Judgment reversed, demurrer overruled and cause remanded.*