394 So.2d 1346 (1981)
Milton TUTWILER, David Anderson, Willie Wilson, Mitchell Williams & Sarah Conwell, as Trustees of the Bolivar County School District No. 6
v.
C.J. JONES.
No. 52526.
Supreme Court of Mississippi.
March 11, 1981.
*1347 Tyree Irving, Johnnie E. Walls, Jr., Walls, Buck & Irving, Greenville, for appellant.
John Kirkham Povall, Jacobs, Griffith, Pearson, Eddins & Povall, Cleveland, for appellee.
Before SMITH, P.J., and LEE and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
This is an appeal from a decree of the Chancery Court of Bolivar County under the provisions of which the Board of Trustees of Bolivar County School District No. 6 was enjoined from proceeding with its proposed removal of its district school superintendent on a charge of misconduct.
Mississippi Code Annotated section 37-9-59 (1972), before being amended in 1978, provided for the "suspension or removal of superintendent, principal or teacher".
This section specifically empowered the county superintendent of education or the superintendent of a municipal separate school district to remove or suspend any "superintendent, principal or teacher" in any school district for "incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause."
It provided that "before being so removed or suspended" the employee in question was entitled to notice and to a hearing, if requested, at which the county superintendent of education should preside and have the same powers as a justice of the peace with respect to the issuance of subpoenas for witnesses and in compelling their attendance and in the reception of evidence. It is clear that the hearing contemplated by the former statute was to be conducted by the county superintendent of education, that it would be his decision to remove or not to remove at the conclusion of the hearing, with a provision for an appeal from his decision to the state board of education, and from that body to the chancery court, in the same manner as appeals from the state education finance commission. The section concludes by requiring the county superintendent of education to notify the district board of trustees following removal of its employee, whereupon "a superintendent, principal or teacher shall be selected to fill such vacancy... ."
Section 37-9-59 was amended extensively in 1978. Like its predecessor, it provided that for "incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause the county superintendent of education, superintendent of the consolidated district, or superintendent of the municipal separate school district, as the case may be, may remove or suspend any principal or teacher in any school district." [Emphasis added].
No provision is made for the removal of a district superintendent. The statute, as *1348 now written, provides that the "removal" of a principal or teacher may be made by the county superintendent of education, and also by "superintendent of the consolidated school district, or superintendent of the municipal separate school district."
The section, as amended, makes it clear, however, that the hearing now contemplated, and provided for in the section, shall be before the school board, not the county superintendent of education as formerly. The statute after providing for notice, continues:
The school board, upon a request for a hearing by the person so suspended or removed shall set a date, time and place for such hearing which shall be not sooner than five (5) days nor later than thirty (30) days from the date of the request. The procedure for such hearing shall be as prescribed for hearings before the board of hearing officer in section 37-9-111, Mississippi Code of 1972, as amended. From the decision made at said hearing, the principal or teacher shall be allowed an appeal to the chancery court in the same manner as appeals are authorized in section 37-9-113, Mississippi Code of 1972, as amended. Any party aggrieved by action of the chancery court may appeal to the Mississippi Supreme Court as provided by law. When a principal or teacher is removed as provided in this section, a principal or teacher shall be selected to fill such vacancy in the manner otherwise provided in this chapter.
In this situation, if anything is clear, it is that the power, formerly expressly vested in the county superintendent of education, to remove district school employees for misconduct and to conduct hearings for that purpose, has been completely withdrawn from that official by the amended statute. This obvious and fundamental change cannot be ignored or overlooked or be considered as an idle or a meaningless act on the part of the legislature. It is equally clear that the removal hearing is to be before the board of trustees, and the actual power to remove or not to remove rests with that body.
The amended statute vests in the board of trustees, the governing authority of the district, the power to conduct the hearing, and adopts for that purpose the same procedure set out in section 39-9-111, Mississippi Code Annotated (1972) which sets out the procedure to be followed in cases where a school employee's contract is not to be renewed for the ensuing year.
The present or amended section 37-9-59, although it provides that the county superintendent of education, the superintendent of a consolidated school district or superintendent of the municipal separate school district "may remove" principals and teachers, the power to remove thus granted must be construed, if it can be given effect at all, as limited to cases in which the person proposed to be removed does not request a hearing. The remainder of the section provides in considerable detail that if a request for a hearing is made "the school board" handles the matter, conducts the hearing, and it is the school board that renders the decision to remove or not to remove the employee.
This is supported by paragraph (1) of section 37-9-111, referred to in section 37-9-59 which provides: "The hearing may be held before the board or before a hearing officer appointed ... by the board... ." Section (4) of 37-9-111 provides that, following the hearing, the board is to decide whether to reemploy or not reemploy. A patent ambiguity exists in the provisions of section 37-9-59 (1972).
In construing a statute in such a case this Court has applied the rule stated in Hendrix v. Foote, 205 Miss. 1, 41, 38 So.2d 111, 117 (1948), wherein the Court said:
[T]his Court has repeatedly held that where the meaning of a statute is not clear, resort is had to the real purpose and intention of the Legislature in adopting the statute, which, when ascertained, the Court will give effect thereto, even though the letter of the statute be violated. What is within the intention is within the meaning of the statute, although not within the letter. Gunter v. City of Jackson, 130 Miss. 637, 94 So. 844; Kennington *1349 v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L.R.A.,N.S., 541, Ann.Cas. 1914B, 392; Learned v. Corley, 43 Miss. 687; Bonds v. Greer, 56 Miss. 710; Adams v. Yazoo & M.V.R. Company, 75 Miss. 275, 22 So. 824. And, furthermore, the Court, in construing a statute, will not impute an unjust and unwise purpose to the Legislature when any other reasonable construction can save it from such imputation. Dunn v. Clinghan, 93 Miss. 310, 47 So. 503; Gunter v. City of Jackson, supra.
To the same effect see Aikerson v. State, 274 So.2d 124 (Miss. 1973); Sheffield v. Reece, 201 Miss. 133, 28 So.2d 745 (1947); Zeigler v. Zeigler, 174 Miss. 302, 164 So. 768 (1936); Gandy v. Public Service Corporation of Mississippi, 163 Miss. 187, 140 So. 687 (1932); New Orleans, J. & G.N.R. Co. v. Hemphill, 35 Miss. 17 (1858).
Ordinarily, the power to employ imports a power to discharge for cause. The manifest legislative purpose in the enactment of the statute was (1) to afford due process protection for professional school district employees, performing services connected with the educational process, (as distinguished from employees engaged as caretakers and the like), and (2) to provide a means for the removal of such personnel who may be guilty of one or more of the derelictions enumerated in the statute.
We have concluded that the enumeration of school district employees who may be removed under amended section 37-9-59 was not intended by the Legislature to deprive this class of school employees (superintendents) from the protection afforded by the statute nor to withhold from them the rights granted in it. Nor can we attribute to the Legislature a purpose to leave the school district without remedy through removal of those guilty of one or more of the specified offenses, although such person be a district superintendent.
Considering the cited statutes together, and taking into consideration the totality of the circumstances, including the general right of an employer to remove an employee for good cause, we hold that it was the manifest purpose of the Legislature that the school district board of trustees have the right and power, as well as the duty, to proceed with removal of an employee who may have been found to have been guilty of one or more of the derelictions enumerated in section 37-9-59, although such employee may have been employed and be classified as a school district superintendent. We have further concluded that in such a case, the proposed removal of a district school superintendent, the employee shall have and enjoy the right to a hearing before the school board, if requested, together with all of the other rights to due process specified in that section for principals and teachers.
We invite the attention of the Mississippi Legislature to this matter so that, if it should see fit to do so, the patent ambiguity now existing may be removed or clarified by further legislation on the subject.
The decree appealed from is reversed and the injunction dissolved. Further proceedings, not inconsistent with this opinion, may be conducted in connection with the proposed removal of the district school superintendent.
REVERSED AND INJUNCTION DISSOLVED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.