## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-CC-00416-SCT

*ANTOINETTE YOUNG*

*v.*

*JEFFERSON DAVIS COUNTY SCHOOL BOARD*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/13/92 |
| TRIAL JUDGE: | HON. HARRIS SULLIVAN |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DEBORAH J. GAMBRELL |
| ATTORNEY FOR APPELLEE: | JOHN W. DAVIES |
| NATURE OF THE CASE: | CIVIL - STATE AGENCIES AND BOARDS |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 4/11/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/2/96 |

**EN BANC.**

**ROBERTS, JUSTICE, FOR THE COURT:**

¶1. Antoinette Young has appealed a decree of the Chancery Court of Jefferson Davis County affirming the decision of the Board of Education of that county terminating her employment as of January 15, 1991. We affirm the chancellor's finding that the failure to give Young the reasons for her termination in the notice to her was waived by Young in requesting and receiving a hearing on the matter, and that the Board did not violate Miss. Code Ann. § 37-9-105(c) in failing to notify Young that her contract would not be renewed for the 1991-92 school year. We reverse the chancellor's decision that Young was not entitled to any salary from and after January 15, 1991, until her hearing before the school board, and remand for a determination of amount of compensation plus interest owed to Young until the time of the hearing on August 19, 1991.

## FACTS

¶2. Young was employed as a classroom teacher for the 1989-90 school year. The superintendent, Marion Fortenberry, received complaints about her performance as a teacher. During the 1990-91 school year, the complaints and unsatisfactory performance problem continued, and on December 20, 1990, Fortenberry wrote her the following letter: "As of this date you are hereby suspended from your position at Prentiss High

School, as pursuant to Section 37-9-59, of the Mississippi Code."

¶3. On December 21, he wrote her the second letter:

> As pursuant to your suspension and as I told you on Thursday, December 20, 1990, at Prentiss High School, you have a right to have a hearing on your case before the School Board.
>
> The charges against you are: insubordination and incompetence.
>
> If you feel that you desire a hearing, let me know by registered mail at: Marion Fortenberry, P. O. Box 1197, Prentiss, MS 39474.

Fortenberry wrote her again on January 15, 1991:

> To inform you that on your date of suspension from your duties at Prentiss High School you were advised at that time in the presence of witnesses your right to a hearing within a five (5) day period. This was also followed by a letter to you. Due to the fact that you have not contacted me you are hereby terminated as of January 14, 1991, as a teacher in the Jefferson Davis County Schools.

¶4. Subsequently, Young employed Deborah Jones Gambrell, a Hattiesburg attorney, who on February 5, 1991, wrote Fortenberry requesting a hearing before the school board regarding Young's termination. The Board acceded to Gambrell's request, and a hearing was held on this matter before attorney Robert Evans of Monticello, the designated hearing officer, on August 19, 1991. Evans found there were ample grounds to dismiss Young, but that her statutory rights to notice had been violated. Having concluded that there had been no effective notice of termination in compliance with the statute, Evans held that Young's contract of employment remained in effect for the remainder of the school year. He then considered whether she was entitled to notice of non-renewal of her contract for the 1991-92 school year as provided for under Miss. Code Ann. § 37-9-105(c), and concluded that she was. Having received no notice of non-renewal, Young, in his view, remained a member of the faculty for the 1991-92 school year. Evans recommended that Young receive pay from January 15, 1991, for the remainder of the 1990-91 school year, and that she be reinstated as a teacher for the 1991-92 school year, with pay at the contracted price for 1990-91.

¶5. The Board of Education did not reinstate Young, and on November 14, 1991, she appealed to the Chancery Court of Jefferson Davis County. The chancery court affirmed the decision of the Board of Education not to pay Young any compensation beyond January 15, 1991. In his opinion, the chancellor first agreed with the hearing officer's determination that there were more than ample grounds to dismiss Young. The chancellor also observed that when the Board terminated her on January 15, 1991, it did not provide proper notice under the statute, for the reasons given by the hearing officer, and that had Young filed a suit in chancery or federal court, she would have had a valid claim. The chancellor further observed that the failure to give Young notice of non-renewal of her contract for the 1991-92 school year gave her a cause of action, had she seen fit to institute it. According to the chancellor, however, Young chose neither course, but insisted on a hearing to determine whether there were adequate grounds for her dismissa. The chancellor also noted that there was no record to show who or what caused the delay in the hearing until August 19, 1991; he held that in any event this delay did not prejudice Young, citing ***Noxubee County Board of Education v. Overton***, 483 So. 2d 301 (Miss. 1985), in which there had been a ten-month delay in hearing a non-renewal of a teacher's contract. Because there was nothing in the record to show what action the Board took following the hearing, and because it was up to the petitioner Young to get a

complete record on appeal to the chancery court, the chancellor concluded that the Board complied with Miss. Code Ann. § 37-9-111(4).

¶6. The chancellor also concluded that Young knew the requirements of the law pertaining to termination notice under Miss. Code Ann. § 37-9-59, and to notice of non-renewal of her contract under Miss. Code Ann. § 37-9-105(c). Therefore, he held, when she insisted on a hearing on the Board's decision to terminate her rather than going to court to enforce her rights thereunder, she waived her rights under these statutes thus the Board's failure to comply with the statues was harmless. To hold otherwise, according to the chancellor, would be putting form over substance. He therefore affirmed the decision of the Board. Young has appealed.

## LAW

¶7. We see no necessity to set out the grounds, and simply note that they were sufficient for the Superintendent and Board to terminate Young's contract in January 1991, and indeed there is no contention otherwise. The sole issues we must address on this appeal are whether the Board complied with Miss. Code Ann. § 37-9-59 in dismissing Young and with Miss. Code Ann. § 37-9-105(c) in failing to notify her that her contract would not be renewed for the 1991-92 school year; and, if so, whether such failure nullified the Board's actions.

¶8. We conclude that when the testimony and evidence at the hearing fully justified the administrative decision to terminate Young's employment, the Board had a perfect right to make the January 15, 1991, decision final. The Board was well within its rights under the statutes in making the administrative decision to discharge Young, and we also find that in insisting on a hearing she waived any defect in the January 15, 1991, notice. We do believe, however, that pursuant to Miss. Code Ann. § 37-9-59[1], Young was entitled to compensation during the period she awaited a hearing before the school board. This being the case, we remand to the lower court for a determination of the amount of compensation plus interest owed to Young.

¶9. We further find that the Board's failure to notify Young that her contract would not be renewed for the 1991-92 school year did not violate Miss. Code Ann. § 37-9-105(c). Miss. Code Ann. § 37-9-105 (c) (1990) provides that "[i]n the event that a determination is made by a school district not to offer an employee a renewal contract for a successive year, written notice of nonrenewal shall be given . . . no later than . . . April 8." Section 37-9-105 requires only that employees be given notice of nonrenewal of employment. Because Young no longer had status as an employee after January 15, 1991, the Board was not required to provide her with notice that her employment contract would not be renewed for the 1991-92 school year.

¶10. We therefore affirm the chancellor's judgment except as to Young's complaint for compensation for the period during which Young awaited her hearing before the school board.

¶11. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**PRATHER, P.J., PITTMAN, BANKS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J. SULLIVAN, P.J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶**12.** I agree with the majority that the Board had the right to make the decision to terminate Young final on January 15, 1991. I also agree that once a person is terminated, the employment contract is severed so that no notice of nonrenewal is warranted for an ensuing contract year. However, I must respectfully dissent from the majority's decision to compensate Young for the six month period following the effective date of her termination.

¶13. The suspension and termination of Young should be considered one in the same as they were based on the exact same conduct. Young was given proper notice on December 21, 1990 that she was in breach of her contract. Miss. Code Ann. § 37-9-59 (1990) provides that "[i]n the event that an employee does not request a hearing within five (5) calendar days of the date of the notice of discharge or suspension, it shall constitute a waiver of all rights by said employee and such discharge or suspension shall be effective on the date set out on the notice to the employee." Because Young failed to request a hearing within five days of receiving the notice, she waived her right under the statute to a hearing as to the conduct alleged in the notice of breach. The majority wrongfully compensates Young where it has agreed that she was in breach of her employment contract at this time.

¶14. Only when the employee is immediately relieved of his duties pending a hearing does § 37-9-59 provide compensation to an employee for the period up to and including the initial scheduled date for the hearing, and only for thirty days maximum. Section 37-9-59 states, "in the event that a certificated employee is immediately relieved of her duties **pending a hearing**, . . . said employee shall be entitled to compensation for a period up to and including the date that the initial hearing is set by the school board, **in the event that there is a request for such a hearing by the employee.**" Due to Young's failure to timely make a request for a hearing, she was initially relieved of her duties without a pending hearing. Because the same conduct was sufficient to warrant her subsequent termination, she should not be entitled under this section to compensation for the six months following termination.

¶15. To compensate Young for six months of time during which this Court agrees Young had been lawfully relieved of her duties is contrary to the intent of Miss. Code Ann. § 37-9-59 (1990). Although the statute provides compensation to an employee for the period up to and including the initial scheduled date for the hearing, the majority's literal interpretation of the statute to the unusual facts of this case thwarts the intent of § 37-9-59.

¶16. Section 37-9-59 demands that a hearing shall not be held "later than thirty (30) days from the date of the request" Under the facts of this case, where the hearing was held more than six months after Young breached the employment contract, the meaning of § 37-9-59 becomes at least unclear as interpreted by the majority. Section 37-9-59 clearly did not contemplate that a lawfully terminated employee would receive six additional months of pay following termination since a hearing is required to be held within thirty days of the notice of suspension.

¶17. The majority's decision to compensate Young for six months of time while she was lawfully terminated unreasonably construes the intent of the statute in question to limit compensation to a maximum of thirty days for employees facing immediate suspension under the statute.

> Where the meaning of a statute is not clear, resort is had to the real purpose and intention of the Legislature in adopting the statute, which, when ascertained, the Court will give effect thereto, even though the letter of the statute be violated . . . And, furthermore, the Court, in construing a statute, will not impute an unjust and unwise purpose to the Legislature when any other reasonable construction can save it from such imputation.

(citations omitted) **Tutwiler v. Jones**, 394 So. 2d 1346, 1348-49 (Miss. 1981) (quoting **Hendrix v. Foote**, 38 So. 2d 111, 117 (1948)). Therefore, even assuming that notice to Young was improper as the majority suggests, she is at the most entitled to only thirty days of compensation subsequent to January 15, 1990. Furthermore, mitigation is required by the terminated employee. Accordingly, I dissent.

**LEE, C.J., JOINS THIS OPINION.**

1. Miss. Code Ann. § 37-9-59 reads in pertinent part:

> In the event that a certificated employee is immediately relieved of duties pending a hearing, as provided in this section, said employee shall be entitled to compensation for a period up to and including the date that the initial hearing is set by the school board, in the event that there is a request for such a hearing by the employee.