McRAE, Justice,
dissenting:
I agree with the majority that the Board had the right to make the decision to terminate Young final on January 15,1991. I also agree that once a person is terminated, the employment contract is severed so that no notice of nonrenewal is warranted for an ensuing contract year. However, I must respectfully dissent from the majority’s decision to compensate Young for the six month period following the effective date of her termination.
The suspension and termination of Young should be considered one in the same as they were based on the exact same conduct. Young was given proper notice on December 21, 1990 that she was in breach of her contract. Miss.Code Ann. § 37-9-59 (1990) provides that “[i]n the event that an employee does not request a hearing within five (5) calendar days of the date of the notice of discharge or suspension, it shall constitute a waiver of all rights by said employee and such discharge or suspension shall be effective on the date set out on the notice to the employee.” Because Young failed to request *1222 a hearing within five days of receiving the notice, she waived her right under the statute to a hearing as to the conduct alleged in the notice of breach. The majority wrongfully compensates Young where it has agreed that she was in breach of her employment contract at this time.
Only when the employee is immediately relieved of his duties pending a hearing does § 37-9-59 provide compensation to an employee for the period up to and including the initial scheduled date for the hearing, and only for thirty days maximum. Section 37-9-59 states, “in the event that a certificated employee is immediately relieved of her duties pending a hearing, ... said employee shall be entitled to compensation for a period up to and including the date that the initial hearing is set by the school board, in the event that there is a request for such a hearing by the employee.” Due to Young’s failure to timely make a request for a hearing, she was initially relieved of her duties without a pending hearing. Because the same conduct was sufficient to warrant her subsequent termination, she should not be entitled under this section'to compensation for the six months following termination.
To compensate Young for six months of time during which this Court agrees Young had been lawfully relieved of her duties is contrary to the intent of Miss.Code Ann. § 37-9-59 (1990). Although the statute provides compensation to an employee for the period up to and including the initial scheduled date for the hearing, the majority’s literal interpretation of the statute to the unusual facts of this ease thwarts the intent of § 37-9-59.
Section 37-9-59 demands that a hearing shall not be held “later than thirty (30) days from the date of the request.” Under the facts of this ease, where the hearing was held more than six months after Young breached the employment contract, the meaning of § 37-9-59 becomes at least unclear as interpreted by the majority. Section 37-9-59 clearly did not contemplate that a lawfully terminated employee would receive six additional months of pay following termination since a hearing is required to be held within thirty days of the notice of suspension.
The majority’s decision to compensate Young for six months of time while she was lawfully terminated unreasonably construes the intent of the statute in question to limit compensation to a maximum of thirty days for employees facing immediate suspension under the statute.
Where the meaning of a statute is not clear, resort is had to the real purpose and intention of the Legislature in adopting the statute, which, when ascertained, the Court will give effect thereto, even though the letter of the statute be violated ... And, furthermore, the Court, in construing a statute, will not impute an unjust and unwise purpose to the Legislature when any other reasonable construction can save it from such imputation.
(citations omitted) Tutwiler v. Jones, 394 So.2d 1346, 1348-49 (Miss.1981) (quoting Hendrix v. Foote, 38 So.2d 111, 117 (1948)). Therefore, even assuming that notice to Young was improper as the majority suggests, she is at the most entitled to only thirty days of compensation subsequent to January 15, 1990. Furthermore, mitigation is required by the terminated employee. Accordingly, I dissent.
DAN M. LEE, C.J., joins this opinion.