KITCHENS, JUSTICE,
DISSENTING:
¶26. I agree with Presiding Justice Dickinson that the majority errs by applying a retroactivity analysis to the issue of whether the Probation and Parole Law entitles Drankus to a case plan. As Presiding Justice Dickinson explains, Drankus does not seek to apply the case plan statute, Mississippi Code Section 47-7-3.1, to a matter that occurred in the past. Rather, Drankus argues that, because he is a parole eligible inmate, Section 47-7-3.1 entitles him to a case plan right now. Therefore, the retroactivity analysis employed by the majority is inapposite to the issue at hand.[16] But I disagree with the conclusions of the majority and Presiding Justice Dickinson that Drankus is not entitled to a case plan. Because Section 47-7-3.1(1) manifests a clear legislative intent that “all parole eligible inmates” receive a case plan, this provision must be harmonized with conflicting portions of the statute. I would affirm the circuit court’s decision that, as a parole eligible inmate, Drankus must receive a case plan.
¶ 27. Section 47-7-3.1 provides that “the department shall develop a case plan for all parole eligible inmates to guide an inmate’s rehabilitation while in the department’s custody and to reduce the likelihood of recidivism after release.” Miss. Code Ann. § 47-7-3.1(1) (Rev. 2015). Despite this clear language, the majority finds that the Mississippi Department of Corrections (MDOC) need not develop case plans for all parole-eligible inmates. The majority rests this conclusion upon Section 47-7-3.1(2), which provides that *1245 the MDOC must complete each case-plan within ninety days of an inmate’s admission, and Section 47-7-3.1(4), which provides that the case plan must be achievable before the inmate’s parole eligibility date. Miss. Code Ann. § 47-7-3.1(2); Miss. Code Ann. § 47-7-3.1(4).
¶ 28. When discerning the meaning of a statute, this Court’s polestar consideration is legislative intent. Miss. Gaming Comm’n v. Imperial Palace of Miss., Inc., 751 So.2d 1025, 1028 (Miss. 1999). Thus, if a statute is ambiguous, we must give such a statute the interpretation that best effectuates its purpose. Pegram v. Bailey, 708 So.2d 1307, 1314 (Miss. 1997). Our duty is to give a statute a reasonable construction that makes all its parts harmonize with each other in a manner consistent with the statute’s scope and object. .Miss. Ins. Guar. Assoc. v. Gandy, 289 So.2d 677, 680 (Miss. 1973) (quoting Adams v. Yazoo & M.V.R. Co., 75 Miss. 275, 22 So. 824, 826 (1897)). Certainly, when faced with an ambiguous statute, this Court’s practice has been to defer to the statutory interpretation adopted by the administrative agency charged with administering the statute. Miss. Methodist Hosp, & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid, 21 So.3d 600, 606 (Miss. 2009). However, when the agency’s interpretation is contrary to the best reading of the statute, no deference is due. Queen City Nursing Ctr., Inc. v. Miss. State Dep’t of Health, 80 So.3d 73, 84 (Miss. 2011).
¶ 29. I would find that the MDOC’s interpretation-of Section 47-7-3.1 is contrary to the best reading of- the Probation and Parole Law and frustrates its purpose. Section 47-7-3.1 provides that “all parole eligible inmates” must receive a ease .plan. Subsection 47-7-3.1(2) and subsection 47-7-3.1(4) appear to conflict with that requirement by imposing time • and" content limitations upon - case plans. Indeed, those subsections could apply only to those inmates whose initial parole dates are in the future. But, when read harmoniously with the requirement of Section 47-7-3.1 that all parole eligible inmates receive a case plan, the best reading of subsections 47-7-3.1(2) and (4) is that the legislature intended. for, the MDOC to develop its own time limitations and content requirements for those inmates whose initial parole dates are in the past. As the United States Supreme Court has recognized, lawmakers may leave “gaps” in statutory, schemes to be filled by agency regulations. Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) (holding that an administrative agency has the power to “fill any gap left, implicitly or explicitly, by Congress”). This reading harmonizes all provisions of the statute and ensures that all parole eligible inmates receive a case plan as so clearly provided by Section 47-7-3.1(1), Because the best reading of Section 47-7-3.1 entitles Drankus to a case plan, I would affirm the decision of the circuit court. ;
KING,'J., JOINS THIS OPINION.

. • Another reason that the majority errs by applying a retroactivity analysis is that Section 47-7-43 of the Probation and Parole Law states that-the entire chapter applies "with the same force and effect as if this chapter had been in operation at the time [the inmate] .,. [became] eligible to be placed [on parole].” Miss, Code Ann. § 47-7-43 (Rev. 2015). By enacting Section 47-7-43, the legislature plainly mandated that the Probation and Parole Law applies to parole-eligible inmates regardless of the date of conviction. In accordance with Section 47-7-43, when the legislature has intended for a certain portion of the Probation and Parole Law to apply to inmates convicted after a certain date, it has specified that date in the statute. See Miss. Code Ann. § 47-7-3 (Rev. 2015) (providing that certain classes of offenders are parole eligible based on dates of conviction); Miss, Code Ann. § 47-7-3.2 (Rev. 2015) (prescribing parole eligibility requirements for offenders convicted after July 1, 2014). Although the legislature easily could have provided that only those offenders convicted after July 1, 2014, must receive a case plan, it did not do so,